# Morris's Estate.

*Wills—Latent ambiguity—Parol evidence—Construction.*

The professional services of an attending physician are not similar to those of a domestic servant, and there is no presumption that such services have been paid for at regular stated intervals.

Where a beneficiary in a will is not designated with precision, parol evidence is generally admissible to show who was intended, as where he is designated by an assumed name or a nickname, or where the designation of the beneficiary is applicable either in whole or in part to two or more persons. So also in case of a latent ambiguity, parol evidence is admissible to explain who the testator meant by a particular expression of relationship.

Where the will of a testatrix devised a bequest to "Annie Mason Pennock" and no such person existed, and the fund was claimed by one Annie Mason, a domestic, and by Anna F. Pennock and Anna S. Pennock, grandnieces of the testatrix, parol evidence was properly resorted to, to ascertain the person meant by the testatrix.

Argued November 16, 1920. Appeal, No. 46, Oct. T., 1920, by Katharine H. Pennock, Marian A. Pennock and Howard L. Mendenhall, administrator, from the order of O. C. of Chester County, dismissing exceptions to

50, (1921).] Statement of Facts—Opinion of the Court.

auditor's report in the estate of Hannah J. Morris, deceased.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Exceptions to adjudication.   Before HAUSE, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to A. P. Reid, Esq., as auditor, who took testimony to ascertain the intention of the testatrix, and awarded the legacy to Anna S. Pennock, a grandniece of the testatrix.

On exceptions to the auditor's report, the court dismissed the exceptions and affirmed the report.   Exceptants appealed.

*Error assigned* was in dismissing the exceptions.

*S. Duffield Mitchell,* for appellants.—The claim for medical service was not sufficiently established: Caroth. er's Est., 41 Pa. Superior Ct. 126; Weaver's Est., 182 Pa. 349; Hoy's Est., 73 Pa. Superior Ct. 512; Peters's App., 106 Pa. 340; Fulton's Est., 178 Pa. 78.

The intention of the testatrix was a question of law for the court: Root's Est., 187 Pa. 118; Appel v. Byers, 98 Pa. 479; Miller's Est. (No. 1), 26 Pa. Superior Ct. 443; Button v. Amer. Tract Soc., 23 Vt. 336.

*W. S. Harlan,* for Anna S. Pennock, appellee, cited: 17 Cyc. 676; Trustees v. Sturgeon, 9 Pa. 321; Newell's App., 24 Pa. 197; 40 Cyc. 1439; Miller's Est. (No. 1), 26 Pa. Superior Ct. 443.

*Walter E. Greenwood,* for George R. Spratt, appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

The assignments of error relate to two questions: First, the allowance of a claim of Dr. George H. Spratt, of $350.   After an examination by witnesses before the

auditor, it was clearly established that Dr. Spratt rendered professional services for a period of fourteen months immediately preceding the death of the decedent. He was the regular family physician; the patient was over 80 years of age; the calls were frequent, and irregular, as many as three visits a day and frequent consultations with other physicians. While services were rendered by Dr. Spratt to other members of the household at the same time, the charge for services on this claim, based on $1 per visit for day calls, $1.50 per visit for night calls, or $150 per month for attending the three sisters, is certainly not open to the charge of being excessive or unreasonable, and the claim was allowed in full.

The suggestion that such services are in the usual course of household operation and are presumed to be paid at regular stated intervals as for domestic service, may be treated as an ingenious novelty, but cannot be supported by any authority. To rank the services of a confidential professional advisor, subject to call at all hours of the day and night, with that of a domestic servant, cannot be entertained.

The other question is open to debate. The will of Hannah J. Morris contained the following: "I give and bequeath to Annie Mason Pennock, the sum of $100." No person bearing such name claimed the legacy, and it is conceded that no such person exists. It was claimed by Annie Mason, a domestic, by Annie F. Pennock, a grandniece, living in Oklahoma, and by Anna S. Pennock, a grandniece, living in Coatesville. The scrivener who wrote the will testified that Anna S. Pennock, a grandniece of the testatrix, was the person for whom the legacy was intended, and under all the facts the court held that, there being a latent ambiguity, parol evidence was properly resorted to, to ascertain the person meant by the testatrix when she used the name Annie Mason Pennock. While originally the mistake was that of the scrivener, it was as well that of the testatrix. The will was written

with the incorrect name in it; it was read to the testatrix as it was written; she made no comment; and the auditor and the court below were of the opinion that parol evidence established the fact that the latent ambiguity was explained and awarded the legacy to Anna S. Pennock, grandniece of the testatrix, and daughter of John S. Pennock, living at Coatesville.

Parol evidence cannot be adduced to change or supply an intent not expressed, but may be heard to identify the property and legatee named by the testator. Newell's Appeal, 24 Pa. 197; Croxall's Estate, 162 Pa. 579. In Miller's Estate (No. 1), 26 Pa. Superior Ct. 443, we went much farther than is necessary to go in this case, in that, parol evidence was admitted to show whom the testator meant by the words contained in his will "William Willson's children," when it appeared that he had no relations answering such description and the will itself was silent as to the identity of William Wilson therein named.

Where a beneficiary in a will is not designated with precision, parol evidence is generally admissible to show who was intended, as where he is designated by an assumed name or a nickname, or where the designation of the beneficiary is applicable either in whole or in part to two or more persons. So also in case of a latent ambiguity, parol evidence is admissible to explain who the testator meant by a particular expression of relationship: 40 Cyc. 1439 and many cases noted.

This was a case clearly for the introduction of parol testimony, that the latent ambiguity might be explained. The auditor and the court below were convinced by an examination of the testimony that the testatrix intended this small legacy for the person to whom it was awarded, and we accept their conclusion as warranted.

The decree is affirmed.