John W. Gantz, Appellant, *v.* Joseph B. Tyrrell, Executor of the Will of Samuel Gantz, Florence Wiley, Elizabeth J. Tyrrell, Samuel G. Hershey and Francis G. Hershey.

*Will—Next of kin determined as at death of testator.*

A devise or bequest to heirs or heirs at law of a testator or to his next of kin will be construed as referring to those who are such at the time of the testator's death.

The gift of a specific legacy to a son does not evince an intention on the part of the testator to exclude the legatee from participation in the general distribution under a gift of residue " among my heirs," who are to be determined as of date of testator's death.

Argued March 9, 1898. Appeal, No. 8, March T., 1898, by plaintiff, from decree of O. C. York County, in distribution. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Exceptions to auditor's report. Before BITTENGER, P. J.

The following facts appear from the auditor's report: After the formal parts the decedent's will was as follows:

" As to such estate as it hath pleased God to entrust me with, I dispose of the same as follows, to wit: 1st. I give and bequeath to my son John W. Gantz, $110.00. 2nd. I give and bequeath to Lydia Florence Wiley, my granddaughter, and I give and bequeath to Elizabeth J. Tyrrell, my daughter, share and share alike. 3rd. I give and bequeath to Samuel G. Hersey, my grandson, and Francis G. Hersey, my grandson, share and share alike with my other heirs. 4th. I give and bequeath to Francis S. Tyrrell, my grandson, $20.00. 5th. I give and bequeath to Chester G. Hersey, son of Samuel G. Hersey, $20.00."

Then follows the appointment of the executor and the execution of the will. Testator left no widow. John W. Gantz and Elizabeth J. Tyrrell are his only surviving children. Lydia Florence Wiley is the only child of a deceased son. Samuel G. Hershey and Francis G. Hershey are the only two children of a daughter of the testator whose death preceded his. The persons mentioned are the persons to whom the estate would have passed

had he died intestate. Francis S. Tyrrell is the son of Elizabeth J. Tyrrell. Chester G. Hershey, as appears by the will, is a great grandson, being the son of Samuel G. Hershey, mentioned in the will.

The auditor in his construction of the will awarded to John W. Gantz only the specific legacy of $110. Exceptions to the auditor's report were dismissed by the court. John W. Gantz appealed.

*Errors assigned* among others were (2) in not awarding John W. Gantz, the one fourth part of the proceeds of the real estate after deducting the legitimate expenses incident to sale, etc. (5) In holding that the words, "share and share alike with my other heirs" in the third item or clause of the will, "relates to heirs just mentioned, (Lydia Florence Wiley and Elizabeth J. Tyrrell), in the preceding paragraphs, the heirs designated in the will to inherit his residuary estate, and not his heirs at law, including the exceptant, John W. Gantz."

*E. W. Spangler*, with him *James G. Glessner*, for appellant. —The manifest construction of the will is that John W. Gantz should share in distribution of the residue of the estate with the other heirs.

In Striewig's Est., 169 Pa. 61, the clause construed by the Supreme Court was very much like the one in question. See also Gross' Est., 10 Pa. 360.

*W. B. Gemmill* and *E. E. Allen*, with them *W. L. Ammon*, for appellees.—What the testator meant by the words "my other heirs" was to give each of his grandsons an equal share with his daughter and granddaughter.

The interest of John W. Gantz under the will is exhausted by his legacy and the expression "my other heirs" does not mean his heirs at law but the heirs just so designated in his will. Testator had a perfect right to disinherit his son: Barr's Est., 2 Pa. 428; Jacob's Est., 140 Pa. 268; Miller's Appeal, 113 Pa. 459.

Particular expressions that would stand in the way of the general intent of the testator, are to be construed in subordination to it, or disregarded: Schott's Est., 78 Pa. 40.

No presumption of an intent to die intestate, as to any part of his estate can be made, where the words of the testator will carry the whole : Miller's Appeal, 113 Pa. 459 ; Ferry's Appeal, 102 Pa. 207 ; Striewig's Est., 169 Pa. 61.

Share and share alike means per capita and not per stirpes : Hiestand v. Meyer, 150 Pa. 501.

OPINION BY PORTER, J., April 25, 1898 :

The court below was right in holding that the decedent died testate as to his whole estate.   The difficulty lies in construing the language of the testamentary paper.   The words, " share and share alike with my other heirs," in the third paragraph of the will, clearly evince an intention that the estate shall, (after payment of the three legacies), be distributed among the testator's heirs in certain proportions.

" As a general rule of construction, it is well settled that a devise or bequest to heirs or heirs at law of a testator or to his next of kin will be construed as referring to those who are such at the time of the testator's decease, unless a different intent is plainly manifested by the will :" Buzby's App., 61 Pa. 111 ; Stewart's Estate, Bell's Appeal, 147 Pa. 383.   The court below has held that the giving of a specific legacy to John W. Gantz of $110, evinces an intention on the part of the testator to exclude the legatee from participation in the general distribution of the estate, although the legatee was his only living son, and one of his immediate heirs.   We think no such conclusion is to be drawn from the giving of the legacy.   In each of the cases above cited, a trust for life was created for a child, with remainder over to the right heirs of the testator.   On the death of the child it was held that the right heirs of the testator were those living at his death, and that notwithstanding the limitation of the child's interest to a life estate, he should not be on that account excluded.   It is elementary law that the heir shall not be deprived of his inheritance except by express words or an implication from which there is no escape.   We think in this case that the legacy to John W. Gantz does not raise this implication.   The inference to be drawn from the giving of it is one of preference for an only surviving son, rather than of an intention to exclude him.

Again, the amount of the legacy is unusual, and bears the

impress of a compensation or an adjustment rather than a bene-
faction or a distribution. We therefore hold that John W.
Gantz is entitled to share with the other heirs in the distribu-
tion of the estate as indicated by the terms of the will. Fran-
cis S. Tyrrell and Chester G. Hershey receive their legacies, but
do not participate in the general distribution because they are
not heirs of the decedent,—Elizabeth J. Tyrrell and Samuel G.
Hershey, the respective parents of the legatees both being alive.

The result of this construction of the will is a distribution of
the estate, (after payment of the three specific legacies), among
John W. Gantz, Lydia Florence Wiley, Samuel G. Hershey and
Francis Hershey in equal shares.

The decree of the court below is reversed, and the record is
remitted in order that distribution may be made as herein indi-
cated.