# Plumly's Estate.

*Wills—Residuary clauses—"Balance"—Construction—Intention —Disinterested heir.*

1. While it is true that a residuary clause carries all not well given, it is equally true that an heir can not be disinherited except by express words or necessary implication. Where the scales hang perfectly even, then the intent of the testator is to be gathered from the language of the will alone; and if it be doubtful whether a particular item was intended to carry the residue, a construction is to be favored which most nearly conforms to the intestate laws.

2. A testatrix bequeathed $15,000 in fifteen separate legacies; in addition to these legacies, and interlarded between them, she bequeathed to a brother-in-law "the interest of four thousand dollars during his lifetime." She further provided: "If my estate should not reach the amount as willed, then I wish each one to receive pro rata of the amount as willed, and if on the other hand it should exceed the amount, I wish the balance to be divided between my nephew, Eugene K. Plumly, and my niece, R. May Swaim, or their heirs. I wish......all taxes to be paid out of the estate on the four thousand I have left him [the brother-in-law] so he can have the full interest on what I have left him." At the audit of the trustee's account, it appeared that the brother-in-law had died and that the excess of testatrix's estate, after payment of legacies, including the trust legacy of $4,000 and all expenses, was less than $100. The Orphans' Court decided that Eugene K. Plumly and R. May Swaim were general residuary legatees and that the corpus of the $4,000 should be divided between them. *Held,* that such legatees were merely given the balance remaining over and above the total of the legacies previously named in the will and that the corpus of the $4,000 in which the brother-

in-law had a life interest did not fall into the residue, but was distributable among the next of kin, and the decree was reversed.

Argued March 27, 1918. Appeal, No. 377, Jan. T., 1917, by Thos. S. Shoemaker, from decree of O. C. Philadelphia Co., April T., 1913, No. 445, dismissing exceptions to adjudication, in Estate of Mary P. Plumly, deceased. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Exceptions to adjudication. Before DALLETT, P. J. The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion by GUMMEY, J.

*Errors assigned* were dismissal of the exceptions.

J. H. Shoemaker, for appellant.—It is a clear rule of law that there must be express words or a necessary implication to disinherit the heir: Busby v. Busby, 1 Dal. 226; Weber's App., 17 Pa. 474; Brendlinger v. Brendlinger, 26 Pa. 131; Hoyt's Est., 236 Pa. 440.

Henry Budd, for appellee.—A person is not to be held to have died intestate as to any part of his estate when he has left a will, the words of which, by any reasonable construction, can be held to have disposed of the entire estate: Woodside's Est., 188 Pa. 45; Lefebvre v. D'Arcy, 236 Pa. 235; Appeal of the Board of Missions of United Presbyterian Church, 91 Pa. 507; Fuller's Est., 225 Pa. 626.

OPINION BY MR. JUSTICE MOSCHZISKER, June 3, 1918:
Mary P. Plumly died May 7, 1912, leaving a will whereby she disposed of the corpus, or principal, of fifteen thousand dollars, in fifteen separate legacies ranging in amounts from one hundred to three thousand dollars; in addition to these legacies, and interlarded be-

tween them, she provides, "To my brother-in-law, John M. Plumly, I will the interest of four thousand dollars during his lifetime." After the last bequest in the testament, the following provision appears: "If my estate should not reach the amount as willed, then I wish each one to receive pro rata of the amount as willed, and if on the other hand it should exceed the amount, I wish the balance to be divided between my nephew, Eugene K. Plumly, and my niece, R. May Swaim, or their heirs. I wish......all taxes to be paid out of the estate on the four thousand I have left him [John M. Plumly], so he can have the full interest on what I have left him."

John M. Plumly died May 29, 1916. At the audit in the court below, one-half of the four thousand dollars from which Mr. Plumly had received the income during his life, was claimed by Thomas S. Shoemaker, as one of the heirs of testatrix, under the intestate laws, and also by Eugene K. Plumly, as a residuary legatee, under the above quoted testamentary provision; the Orphans' Court decided in favor of the latter (LAMORELLE and GEST, JJ., dissenting), and the former has appealed.

It was admitted at the audit that "the excess of testatrix's estate, after payment of legacies, including the trust legacy of four thousand dollars, and all expenses, was something less than one hundred dollars."

The question for determination is: Do the words of the will constitute Eugene K. Plumly and R. May Swaim general residuary legatees, so that, upon the death of John M. Plumly, the corpus of the $4,000 is to be divided between them, or does testatrix only give to them the balance, if any, of her property over and above the total of the sums previously named in her will, i. e., the above mentioned sum of "less than one hundred dollars"?

The controlling inquiry is: What meaning is conveyed, as to the intent of the testatrix, by the words employed in the part of the will under immediate consideration, read in connection with the document as a whole; for, when so looked at, if the meaning is clear,

there is no necessity for the application of technical rules of construction. If such meaning leads to a partial intestacy, even though the testatrix might have thought she had avoided this result, the heirs under the intestate laws will take to the exclusion of those claiming as residuary legatees—that is to say, should the latter's claim be inconsistent with the apparent meaning of the language employed in the will.

A close study of the present document convinces us that the testatrix did not intend thereby to constitute Eugene K. Plumly and R. May Swaim general residuary legatees. We must assume Mrs. Plumly knew in a general way of what her estate consisted; but it is apparent she did not know the exact amount for which her securities would sell. Evidently, however, she anticipated that the sum likely to be realized and the total of the amounts contemplated by her as bequests would about equal each other, leaving either a slight deficiency or a small excess. With this in mind, it is only reasonable to assume that she used the word "balance" in a mathematical sense, meaning remainder over and above a sum total, and not in the general sense of all her estate which might remain undisposed of. In other words, the language employed indicates that what testatrix had in mind, when she disposed of "the balance" to Eugene. K. Plumly and R. May Swaim, was any amount in excess of what she for the moment considered "as willed" by the prior bequests, and not her general residuary estate, if any.

While Mrs. Plumly gave only the interest on $4,000 to John M. Plumly, and not the principal, yet it is apparent, from the final language employed in the particular testamentary provision under consideration, that she had this $4,000 in mind "as willed," when she provided for the disposition of "the balance." As we read the words used by testatrix, in the part of the will now before us, the thoughts thereby expressed concern a division, either in case of a shortage in the total necessary

to meet the aggregate of the amounts already mentioned by her or in the event of a balance above such total; and, apparently, she had no thought of an eventual disposition of any part of her estate after the death of John M. Plumly.

We agree with the following view expressed in the dissenting opinion written by Judge LAMORELLE, of the court below: "If the clause was intended to dispose of all of the residue, the auditing judge was undoubtedly right, but was it the purpose and intent of testatrix to write into the will a clause disposing of any residue save and except such surplus as might exist after totalling all of her legacies? What was the amount 'as willed'? Manifestly all that she had given, including, of course, the $4,000 left in trust. Testatrix, having thus disposed of all her effects, seemed to realize that, if her possessions were unequal to her gifts, it was incumbent upon her to provide for a pro rata abatement; and, having incorporated this clause in her will, what more natural than that she should at the same time cover a possible increase and make disposition of such surplus, if any? That, and that only, to my mind, was the intention as determined by the language used. If this clause had not been inserted, an intestacy as to the $4,000 on the death of John M. Plumly [assuredly] ...... would have resulted; and, if the testatrix did not intend by this clause to dispose of the $4,000, why should we resort to an artificial rule of construction [to bring about that result]? 'Balance' is the word used by testatrix, and 'balance,' considering the context, can mean but one thing, the excess over and above the legacies given. While it is, of course, true that a residuary clause carries all not well given, it is equally true that an heir cannot be disinherited except by express words or necessary implication. Citation of authority on these well known propositions is unnecessary. Where, however, the scales hang perfectly even, the intent of the testator is to be gathered from the language of the will [alone]; and, if

it be doubtful whether a particular item was intended to carry the residue, a construction is to be favored which most nearly conforms to the intestate laws."

If the testatrix meant Eugene K. Plumly and R. May Swaim to take only the balance over and above the aggregate of the amounts previously mentioned in her testament "as willed," and we have already decided such to be the meaning conveyed by the words she employed, then it is clear that she did not intend to designate them as general residuary legatees, and they cannot claim as such against those entitled under the intestate laws.

The assignments of error are sustained, the decree of the court below is reversed, and the record is remitted with directions to make distribution in accordance with the views here expressed; costs to be paid out of the estate.