## Binkley's Estate.

*Wills—Construction of—Intention of testator.*

A testator in the eighth paragraph of his will bequeathed certain sums of money to three nieces of his wife, referring to them as "my nieces." In the ninth paragraph the residuary estate, upon the happening of certain contingencies, was given to the testator's brothers and sisters with provision that, in case any of them should die before the time for distribution, "I give, devise and bequeath the share or shares of said deceased brother or sister unto all my nephews and nieces then living."

*Held:* That the nieces of the testator's wife were not entitled to share in the distribution of the estate under the ninth paragraph of the will.

Argued December 5, 1927. Appeal Nos. 284, 285, 286, 287, October T., 1927, by Edna Zulich Burns et al., from decree of O. C., Schuylkill County, March T., 1927, No. 32, in the case of Estate of George K. Binkley, deceased, Appeals of Edna Zulich Burns, Maida Zulich Truitt, William R. Zulich, Ida Zulich, Edna Zulich Burns and Maida Zulich Truitt, Heirs of Marie Zulich, deceased; and William R. Zulich, administrator of the Estate of Marie S. Zulich, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Exceptions to adjudication. Before WILHELM, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Edna Zulich Burns et al., appealed.

*Error assigned,* among others, was the decree of the court.

*John Robert Jones,* for appellants.

*Charles W. Matten,* and with him *Morris H. Moyer,* for appellee.

OPINION BY LINN, J., March 2, 1928:

We are in no doubt about the meaning of this will, read in the light of the familiar rule that the intention of the testator must be ascertained by considering the will as a whole: Hollinshead's Estate, 273 Pa. 573, 576. He died without issue, survived by a widow. He also left a number of brothers and sisters and a niece, Alice Binkley, who was the daughter of a deceased brother.

Testator was a physician. His will and codicil apparently drawn with care, cover a number of printed pages. In the earlier paragraphs he gives various legacies, in some cases all payable at once, in others, half at the death of his wife. He then creates a trust of the residue, generally speaking, for his widow for life or during widowhood. The next two paragraphs, raising the present controversy, are:

"Eighth—Upon the death of my wife, Mary S. Binkley, or the termination of the trust for her by re-marriage, I devise and bequeath to Alice Binkley, the only daughter of my deceased brother John, the sum of Fifteen Hundred Dollars, absolutely, and to my nieces, Edna, Marie and Mada Zulich, daughters of William B. Zulich, the sum of One Thousand Dollars each.

Ninth:—All the rest, residue and remainder of my estate, after the termination of said trust by the death or re-marriage of my said wife, I give, devise and bequeath to my brothers William Binkley, Benneville Binkley and Monroe Binkley, and my sisters Sarah

Binkley, Mary Gerhard, wife of Peter Gerhard, and Emma Sonen, wife of John Sonen, in equal shares, share and share alike, but should any of my said brothers or sisters be dead at the time of the termination of the said trust by the death or re-marriage of my said wife, then and in such case, "I give, devise and bequeath the share or shares of said deceased brother or sister unto all my nephews and nieces then living, in equal shares, share and share alike."

The nieces mentioned in the 8th paragraph were in fact not his nieces, but the nieces of his wife: Green's Appeal, 42 Pa. 25, 30; Root's Appeal, 187 Pa. 118, 121.

After the death of testator's widow the trustee filed an account. The court awarded the sum of $1,000 to each of the daughters of William B. Zulich under the 8th paragraph, but they also claimed to share as "nieces" under the residuary 9th paragraph. The auditing judge held that they were not included among the beneficiaries designated in the 9th paragraph and awarded distribution under that paragraph to the testator's nephews and nieces.

Appellants contend that the testator intended to include them among the beneficiaries of the residue because in the 8th he referred to them as "my nieces, Edna, Marie and Mada Zulich, daughters of William B. Zulich" and bequeathed $1,000 to each. They were not testator's kin; they would not have shared in his estate if he had died intestate. In the 9th paragraph he disposes of all his property not previously disposed of; he designated his brothers and sisters by name as his beneficiaries; they were his nearest kin; as they might not all survive until the termination of the trust, what more natural than to provide that, in case of death, the deceased one's share should pass to the class standing in the next degree of kinship, his own nephews and nieces? We think he expressed that intention. That he did not intend to benefit his wife's

nieces to the same extent as his own is obvious by the 8th paragraph, for he gave his own niece $1,500 and a wife's niece only $1,000.

The learned counsel for appellants has furnished a brief exhaustively considering precedents in the construction of wills, but none requires discussion; the intention of the testator is obvious: Green's App. supra; Root's Estate, supra.

The distribution appealed from is affirmed, appellants for costs.