Wittmer Estate.

Argued December 8, 1942.

Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*George T. Hambright,* with him *A. E. McCollough, Jr.,* for appellant.

*F. Lyman Windolph,* with him *H. Frank Eshleman* and *W. Hensel Brown,* for appellee.

OPINION BY HIRT, J., January 28, 1943:

Testator by his will devised and bequeathed his entire estate "real, personal and mixed of whatsoever kind and wheresoever situated, absolutely and in fee simple" to Bertha Wittmer, his wife. His wife died on May 3, 1934 and on the same day he added the following to his will: "Codicil. I hereby revoke the above and do devise and bequeath unto Gilbert H. Shue, absolutely, the 118 acre farm (known as the Herr farm). To each one of my surviving nephews and nieces and Blanche Shuman share and share alike after funeral expenses and all debts are paid. I nominate George S. Kutz as executor." The codicil was dated and was properly executed. Testator died childless and without issue on July 22, 1940. He had no nephews and nieces of his own. Blanche Shuman was a sister of his deceased wife. Gilbert H. Shue was his wife's nephew; other nieces and nephews of his wife were living at the time of his death. The lower court on the audit of the executor's account awarded the entire residuary estate, after the devise of the Herr farm, to Blanche Shuman.

Testator's heirs at law were two first cousins, the appellant, and a daughter of a deceased aunt. Appellant contends that the instrument of May 3, 1934 was in reality a new will and not a codicil and that its uncertain language made no effective disposition of the residuary estate. She maintains that she is entitled to one-half of the residue, after the above devise, invoking the principle that where the language is "doubtful whether a particular item was intended to carry the

residue, a construction is to be favored which most nearly conforms to the intestate laws": *Plumly's Estate*, 261 Pa. 432, 104 A. 670. With her contention we do not agree.

It is clear from the language of the codicil, alone, that testator intended to dispose of his entire estate. The second sentence is not self-sufficient but the verbs "devise and bequeath" in the first sentence are understood as repeated in the second. "An elliptical form of expression is quite common ...... and perhaps in wills and contracts most of all. It is not necessary to repeat things that have just been expressed; they are understood ......" *(Lippincott's Estate,* 276 Pa. 283, 120 A. 136); repetition, in the language here in dispute, is unnecessary to convey the intended meaning. The dispositive gifts to persons "share and share alike after funeral expenses and all debts are paid" clearly was intended to consume the entire residuary estate remaining after the specific devise of land and the payment of debts and funeral expense. Cf. *Gantz v. Tyrrell,* 7 Pa. Superior Ct. 249. But if there were any doubt as to testator's intention it would be dispelled by reference to the will. This was a codicil and not a new will. A codicil must be construed with the will and interpreted consistently with it "because, generally speaking, there is no presumption that a codicil is intended to change a will": *Rainear's Estate,* 304 Pa. 539, 156 A. 166.

By the language of the codicil, "I hereby revoke the above," testator clearly did not revoke the whole will. If that had been the intention he would have made a new will and not added a codicil. And the language does not refer to the testator's declared intention of disposing of his entire estate; it revokes the will only as to the beneficiary named in it. A codicil "constitutes a republication of the original instrument and must be read in connection with it": *Bissell's Est.,* 302 Pa. 27, 153 A. 692. Testator's declared intention was to dispose

of his entire estate and this conclusion follows without aid of the presumption that he intended to avoid an intestacy as to any part of his estate. *Lippincott's Estate,* supra.

We think the lower court was wrong in awarding the entire residuary estate to Blanche Shuman. Testator had no nephews and nieces of his blood. In this respect the case differs from *Green's Appeal,* 42 Pa. 25; *Root's Appeal,* 187 Pa. 118, 40 A. 818; *Binkley's Estate,* 93 Pa. Superior Ct. 1; and *Est. of Sarah R. Lamberton,* 105 Pa. Superior Ct. 348, 161 A. 596. No subjects existed which would satisfy the will except the nephews and nieces of his wife. Testator 'by courtesy' *(Green's Appeal,* supra) referred to the nephews and nieces of his deceased wife as *his.* And since there is a latent ambiguity the proffered testimony was admissible, dehors the codicil, to identify them as the intended beneficiaries. *Worstall's Estate,* 125 Pa. Superior Ct. 133, 190 A. 162; *Byrne's Estate,* 121 Pa. Superior Ct. 550, 184 A. 303; *Brown's Estate,* 343 Pa. 19, 21 A. 2d 898. This conclusion, however, does not affect the result as to appellant's claim to a share in the estate.

The surviving nephews and nieces of testator's wife did not appeal from the order awarding the entire residuary estate to Blanche Shuman. They alone could question the order. Testator did not die intestate as to any part of his estate. Appellant therefore was not harmed by the decree; what interpretation the court put upon the codicil in determining who was entitled to take, and how the court distributed the estate were matters which did not concern her, for she had no interest in the residuary estate either under the codicil or as an heir at law.

Appeal dismissed at appellant's costs.