## Estate of Lavina Wampole. Appeal of Christ's Evangelical Lutheran Church of Trumbauersville.

*Will—Construction—Latent ambiguity—Evidence.*

A latent ambiguity may be explained by evidence dehors the will.

For the purpose of determining the object of a testator's bounty, or the subject of disposition, or the quantity of interest intended to be given by his will, a court may inquire into every material fact relating to the person who claims to be interested under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator and of his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will.

Argued Nov. 18, 1896. Appeal, No. 61, Nov. T., 1896, by Christ's Evangelical Lutheran Church, from decree of O. C. Bucks Co., sustaining exceptions to report of auditor in the estate of Lavina Wampole, deceased. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed. WILLARD, J., dissents.

Exception to auditor's report.

Harvey D. Fellman, as executor of the will of Lavina Wampole, deceased, filed a final account on the 3d of June, 1895.

Christ's Evangelical Lutheran Church, of Trumbauersville, Bucks county, Pa., filed exceptions to the account on the 25th day of June, 1895.

An auditor, Elias Carver, Esq., was appointed by the orphans' court of Bucks county to pass upon the exceptions, restate the account if necessary, and make distribution of the fund in the hands of the executor. The auditor made a report which was filed October 14, 1895, awarding the residue of the estate to Christ's Evangelical Lutheran Church. The German Reformed Church of Trumbauersville, on the 23d of October, filed exceptions to that part of the report distributing the residue of the estate to Christ's Evangelical Lutheran Church. The court, YERKES, P. J., sustained the exceptions and made a decree on the 9th day of March, 1896, directing that the residue of the estate be distributed to the Evangelical Lutheran Church and the German Reformed Church, jointly.

Other facts appear in the opinion of the Superior Court.

*Errors assigned* were, (1) in sustaining the third exception to the report of the auditor, which was as follows:

"The auditor erred in distributing the residuary balance to the Evangelical Lutheran congregation of Trumbauersville."

(2) In not sustaining the report of the auditor distributing the residue of the estate to Christ's Evangelical Lutheran Church, of Trumbauersville, Bucks county, Pennsylvania.

(3) In making the following decree:

"And now to wit, March 9, 1896, the third exception is sustained, and it is directed that the residue of the estate be distributed to the Evangelical Lutheran Church and the German Reformed Church, jointly, owners of the Trumbauersville Church and associated together through their congregations, by regulations adopted in 1872, for the government, maintenance and use of said Trumbauersville Church."

*Henry Lear*, for appellant.—It is contended that the bequest is to one only of the Trumbauersville "churches." The will itself does not indicate which one, but the circumstances estab-

lished by the evidence produced before the auditor clearly show it could have been only the Evangelical Lutheran Church.

The rule is thus stated in the syllabus to the case: Appeal of Washington and Lee University, 111 Pa. 572; Wigram on Wills, 57; Theobold on Wills, ch. 14, p. 95; Kilvert's Trust, L. R. 12 Eq. 183; L. R. 7 Ch. 170; Webster v. Morris, 66 Wis. 366; 57 Am. Rep. 278; Hinckley v. Thatcher, 139 Mass. 477; Tilton v. American Bible Society, 60 N. H. 377; Newell's Appeal, 24 Pa. 197.

*Samuel Z. Freed*, for appellee.—The word "church" in its primary sense, we find, not only applies to the spiritual body of Christians but to their place of worship.  It means the place to assemble for worship: Appeal of Washington and Lee University, 111 Pa. 572; Church v. Allison, 10 Pa. 416.  The intent of the testator must govern the construction of the will, but it must be the intention expressed in the will, to find which we may examine every word and expression of the same.  As a will necessarily applies to persons or things external, any evidence may be considered which has a tendency to give effect and operation to the words of the will: Tucker v. Seaman's Aid Socieiy, 7 Metcalf, 205.

OPINION BY WICKHAM, J., January 18, 1897:

Two incorporated religious bodies, viz: Christ's Evangelical Lutheran Church of Trumbauersville, and the German Reformed Church of Trumbauersville owned in common, and used alternately, a house of worship in the village of Trumbauersville.

Lavina Wampole, for many years before her death a widow, had been baptized in the first named church, when young, for over thirty years had been a regular member and communicant thereof, and regularly contributed to the voluntary funds raised, from time to time, to pay its necessary expenses.  With the other congregation she seems to have had nothing whatever to do.  We may properly assume that she had, for the sect and congregation in which she lived and died, that degree of regard, reverence and desire to help which the average woman, even more than the average man, entertains for the church wherewith her lot may be cast.

When she died a controversy arose as to the meaning of the

residuary clause of her will, which clause reads as follows: "I give and bequeath the remainder of my estate, if any, to the Trumbauersville Church, to be used for the general benefit of said church." The description in this bequest does not fit either of the religious bodies already mentioned, nor any other in existence. There is therefore a latent ambiguity which may be explained by evidence dehors the will: Newell's App., 24 Pa. 197; App. of Washington and Lee University, 111 Pa. 572. "For the purpose of determining the object of a testator's bounty, or the subject of disposition, or the quantity of interest intended to be given by his will, a court may inquire into every material fact relating to the person who claims to be interested under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator and of his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will." Wigram on Wills, Prop. V. Elsewhere (see section 96) the same writer says, " Every claimant under a will has a right to require that a court of construction, in the execution of its office, shall, by means of extrinsic evidence, place itself in the situation of the testator, the meaning of whose language it is called upon to declare."

While the construction of the will before us cannot be said to be altogether free from difficulty, we nevertheless think, that the extrinsic explanatory evidence sufficiently shows that it was the intention of the testatrix to benefit the congregation to which she belonged, by lessening, in a small degree, its pecuniary burdens and not to aid, directly or indirectly, a religious body to which she was a stranger and with some of whose tenets we may presume she disagreed. By way of illustration, we may take the case of a bequest to a woman, and two persons, either of whom might be the legatee, appear as claimants of the legacy. One of them, however, is shown by extrinsic evidence to be the mother of the testatrix, to whom the latter was attached, and the other a mere acquaintance. No one would hesitate to say that the mother was the beneficiary, unless the inference, to be drawn from the relationship, were overcome by other controlling facts. In a sense, the Lutheran

Church was the spiritual mother of the present testatrix, a circumstance entitled to the highest consideration.

In reaching our conclusion, we do not overlook the fact that the church building and burying grounds are maintained at the joint expense of both congregations. This circumstance, coupled with others of lesser weight referred to by the learned judge of the court below, would be decisive in favor of his view, were it not for the important relation the testatrix bore to the Lutheran congregation, as well as the further facts, that, while living, all her contributions were made to that body, and that she exhibited no interest in the spiritual or temporal affairs of the other society: Gilmer v. Stone, 120 U. S. 586.

The decree of the court below is reversed, and it is ordered and adjudged that distribution be made in accordance with the report of the auditor. It is further directed that the costs of the appeal be paid by the appellee.

WILLARD, J., dissenting, January 18, 1897:

The Trumbauersville Church is a house of worship located in Trumbauersville, in the county of Bucks. It is owned and occupied jointly by two religious societies, one known as Christ's Evangelical Lutheran Church, the other by the German Reformed Church. The evidence shows that the church building was owned, maintained and kept in order and repair by both societies under rules and regulations in writing adopted by both as to the occupancy of the church. Under this arrangement a bequest to this church could undoubtedly be sustained under the joint regulations existing between the two societies. On the 23d day of March, 1893, Lavina Wampole of the township of Richland of the county of Bucks, made her last will and testament and died on the 20th day of May, 1894, leaving said last will and testament dated as aforesaid. Said will contained the following residuary clause: "Item 5, I give and bequeath the remainder of my estate, if any, to the Trumbauersville Church to be used for the general benefit of said church."

Construing the will by the language used, the testatrix undoubtedly intended the bequest to go to said church for its support and maintenance, for the benefit of the societies worshipping therein at the time the will was made and at the death of the testatrix. In my opinion there is no such ambiguity in the lan-

guage used in the residuary clause as calls for the construction placed upon this will by the majority of this court.

It is true that the testatrix was a member of " Christ's Evangelical Lutheran Church;" and during her lifetime contributed of her scanty means to its support.

Had there been latent ambiguity in the residuary clause, her membership and contributions might properly be considered; but there is no such ambiguity, and I am of the opinion that this old lady, near the close of her earthly career, took the broad nonsectarian view and intended her bounty to go to, maintain the place of worship plainly designated, and keep it in good order and repair for the benefit of all Christians worshipping therein, whether known as Lutherans or German Reformers. I would affirm the judgment on the able opinion of the court below.