## Amberson's Estate.

*Will—Probate—Execution—Evidence—Charitable bequests.*

The probate of a will is prima facie sufficient evidence of its due execution.

The payment of a charitable bequest cannot be resisted in proceedings before an auditor appointed to distribute the estate, on the ground that the charitable legatees had not shown affirmatively that the will had been executed in compliance with the provisions of the Act of April 26, 1855, P. L. 328, where the record of the probate proceedings showed that three years elapsed between the date of the will and the death of the testator, that the will was executed in the presence of two witnesses, and that these witnesses at the request of testator and in his presence, and in the presence of each other did sign their names thereto as witnesses.

*Will—Name of charitable legatee—Evidence—Parol evidence.*

Where a testator leaves a legacy to a charity designated by him as the "Foreign Missionary Society," parol evidence is admissible to show that the testator was a member of the Methodist Episcopal Church, that he had steadily contributed to the support of the foreign missionary work of that denomination, and that he intended the bequest for " the Missionary Society of the Methodist Episcopal Church," as the society in charge of the work to which he intended to consecrate his bounty.

Argued Oct. 22, 1902. Appeal, No. 157, Oct. T., 1902, by Martha Amberson, from decree of O. C. Butler Co., May T., 1901, No. 24, dismissing exceptions to auditor's report in Estate of John Amberson, deceased. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Exceptions to A. B. C. McFarland, Esq., auditor.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing exceptions to auditor's report.

*John H. Wilson* and *S. F. Bowser*, with them *Lev. McQuistion* and *J. C. Vanderlin*, for appellant.—To show that the charitable legatees are within the exception of the act, the burden of proof is on the charitable legatees to show that they have a valid title, within its meaning. Even though the will was probated, of which there is no evidence, that fact, however, cuts no figure in this controversy so far as charitable bequests are concerned. There was no evidence before the auditor that the will was executed as provided by the charitable act of April 26, 1855. Even had the probate been offered in evidence it would not be evidence that the charitable legatees were within the exception of the act of April 26, 1855. Their claim is void unless within that exception. Hence they must show by proof a will duly attested and at the time, by disinterested and credible witnesses: Ralston's Estate, 1 Chester County Rep. 482; Phillips's Estate, 1 Pa. Dist. Rep. 311.

We cannot go behind the testator's words, which are positive in name, "the Foreign Missionary Society," not the Missionary Society of the Methodist Episcopal Church. We have no right to alter or pervert the express words of a testator in order to affect an assumed intention. Interpretation is not to usurp the place of reformation, and the rights of heirs, or those entitled under the intestate laws, are only taken away by a will whose meaning is clear, and all doubts are to be resolved in their favor: Corr's Estate, 202 Pa. 391; Bradford v. Bradford, 6 Wharton, 236; Rupp v. Eberly, 79 Pa. 141; Smith's App., 23 Pa. 9; Weber's App., 17 Pa. 474.

*A. G. Williams*, with him *Alexander Mitchell*, for appellee. —The probate of a will is prima facie sufficient evidence of due execution: Folmar's App., 68 Pa. 482; Cochran v. Young, 104 Pa. 333.

Whether the uncertainty relates to person or thing, object or subject-matter of the gift, the rule is the same that a gift

will not be void for uncertainty so long as sufficient certainty is there, to identify the person or thing intended by the testator: 1 Jarman on Wills, p. 661; Newell's App., 24 Pa. 197; Smith v. Smith, 4 Paige, 271; Bartlet v. King, 12 Mass. 587; Button v. Am. Tract. Soc., 23 Vt. 336.

In Pennsylvania religious and charitable institutions have always been favored without respect to forms, and it is immaterial in the case of a will, how vague and uncertain the object may be, provided there is a discretionary power vested somewhere over the application of the testator's bounty to those objects: Beaver v. Filson, 8 Pa. 327; Pickering v. Shotwell, 10 Pa. 23; Domestic and Foreign Missionary Society's Appeal, 30 Pa. 425; Cresson's Appeal, 30 Pa. 437; Co. of Lawrence et al. v. Leonard, 83 Pa. 206; Frazier v. St. Luke's Church, 147 Pa. 256; Presbyterian Board of Foreign Missions v. Culp, 151 Pa. 467; Pepper's Estate et al., 154 Pa. 331; Kinike's Estate, 155 Pa. 101; Croxall's Estate, 162 Pa. 579.

OPINION BY MR. JUSTICE POTTER, January 5, 1903:

This is an appeal from the decree of the orphans' court of Butler county, confirming the report of an auditor appointed to make distribution of the amount in the hands of the administrator c. t. a. of the estate of John Amberson, deceased.

It appears from the auditor's findings of fact that the testator was a single man, and died without issue, upon December 10, 1899, leaving as his only heirs at law two surviving sisters; that letters of administration c. t. a. were issued to James Cooper who has filed his partial account, showing a balance for distribution of $5,397.13.

The will of the decedent bears date November 4, 1896, and was duly probated December 22, 1899, a copy being attached to the report of the auditor. It does not appear that the probate proceedings before the register were formally offered in evidence at the hearing before the auditor; but evidently these proceedings were considered as included in the general offer of all papers in the case as evidence, which was made without objection. It is not denied by anyone that the will was, as a matter of fact, duly probated. The exceptants are objecting only to the bequests to charitable and religious uses. They contend that the burden of proof was upon the religious and

charitable legatees to show that the will was executed in the presence of two credible, and at the time, disinterested witnesses, and that the execution was at least one calendar month before the decease of the testator.

As an abstract proposition this may be readily admitted, but the probate of a will is prima facie sufficient evidence of its due execution : Folmar's Appeal, 68 Pa. 482.

In the present case more than three years elapsed between the date of the will, which was presumably the time of its execution, and the death of the testator. The will was executed in the presence of two witnesses, whose credibility was vouched for by this appellant when she called them to testify before the register at the time of the probate. It appears from the certificate of the register that they testified before him that the execution of the instrument was perfected in the presence of both of them, and that they, at the request of testator and in his presence, and in the presence of each other, did sign their names thereto as witnesses.

All the formalities for the execution of the will, prescribed by the act, were apparently observed. Had there been anything upon the face of it to suggest any want of conformity to the act of assembly, the case would be different. If there had been no witnesses, or if upon the face of the will it had been apparent that one or both of them were not disinterested, the fact that the will had been admitted to probate would not, of course, have benefited the claimants of the charitable bequests. But here, the will, while informal, shows upon its face compliance with the law ; it has been duly probated, and the certificate of the register shows affirmatively further corroboration of its legal execution, and there was no evidence offered by the exceptants before the auditor tending to show that any required formality had been omitted.

The auditor and the court below united in finding that the will was properly established, and we think they were right. In defining the object of his bounty, the testator used the term Foreign Missionary Society. The auditor very properly called to his aid parol testimony to show the situation in which the testator stood when he made this bequest. From that testimony it appears that Mr. Amberson had been for many years an active member of the Petersville Methodist Episcopal Church,

and that he had steadily contributed to the support of the foreign missionary work carried on by the denomination of which he was a member. It was clear that he intended his bequest should go to maintain that work, although he was mistaken as to the official name of the board which is in control of the foreign missionary efforts of the Methodist Episcopal Church. The evidence before the auditor led him to find as a fact that, " the Missionary Society of the Methodist Episcopal Church is the corporate name of, and is the society that has control of, and expends all contributions made to Foreign Missions of the Methodist Episcopal Church, as well as special gifts or legacies made to the same."

And he found that the bequests of the testator to the Foreign Missionary Society were intended for and should go to " the Missionary Society of the Methodist Episcopal Church," as the proper official designation of the society in charge of the work to which the testator intended to consecrate his bounty.

There is abundant authority, ranging from Missionary Society's Appeal, 30 Pa. 425, to Croxall's Estate, 162 Pa. 579, to justify the admission of such evidence as that upon which the auditor relied for aid, in defining accurately the intended recipients of the testator's bounty.

Nor do we see that there is any reason to doubt the correctness of the conclusion reached by the auditor and confirmed by the court below. The assignment of error is overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of the appellant.