## Mizener's Estate.

*Wills—Construction—Latent ambiguity—Parol evidence—Legacies—Portions of property of unequal value—Bonds—Right of selection in legatee.*

1. The general rule is that a legacy of a portion of property of unequal value or of a portion of a larger quantity implies the right of selection in the legatee, in the absence of a provision in the will showing an intent to the contrary.

2. Evidence is only admitted dehors a will, from necessity, to explain that which would be otherwise without operation; where a subject exists which satisfies the terms of the will, and to which they are perfectly applicable, there is no latent ambiguity.

3. Where a testator left to his daughter thirty thousand dollars par value of bonds, the guardian of such daughter is entitled to select, from the bonds in the estate, bonds of the par value of thirty thousand dollars, and the executor cannot properly limit the guardian's selection to bonds of the actual value of thirty thousand dollars, and where the executor has disposed of bonds so selected, he may be required to pay to the guardian their value.

4. In such case, parol evidence is not admissible to explain the intention of the testator, the language being free from ambiguity.

Argued May 8, 1918. Appeal, No. 26, Jan. T., 1918, by Mildred M. Mizener, Guardian of Mathilda Mizener, from decree of O. C. Erie Co., Nov. T., 1916, No. 58, dismissing petition for a citation, in Estate of F. A. Mizener. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

1918.]    Assignment of Error—Opinion of the Court.

Petition for a citation.    Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition.    Petitioner appealed.

*Error assigned* was the decree of the court.

*John B. Brooks*, with him *C. L. Baker* and *Charles H. English*, for appellants.—Under Codicil No. 3, the legatee had the implied right to make selections of bonds of the par value of $30,000 from the bonds owned by the testator, and not otherwise disposed of at the time of his death: Re Probate of Will of Matilda Turner, 41 L. R. A. (N. S.) 1052; Galbraith v. Bowen, 5 Pa. D. R. 352.

Parol evidence should not have been received to explain the intention of the testator: Hancock's App., 112 Pa. 532; Allshouse's Est., 23 Pa. Superior Ct. 146; Hoyt's Est., 48 Pa. Superior Ct. 359.

There is no latent ambiguity in the codicil in question.

*Frank Gunnison*, with him *Henry E. Fish, W. P. Gifford* and *A. O. Chapin*, for appellees.—The legacy was general and not specific, even though the testator possessed bonds to pay it: Snyder's Est., 217 Pa. 71.

The decree complained of preserved the equality intended by the testator; regard must be given to the whole scheme of the will and if it is found that a particular intent is inconsistent with the general intent, the former must give way to the latter: Ferry's App., 102 Pa. 207; Jauretche v. Proctor, 48 Pa. 466; Middleswarth's Administrator v. Blackmore, 74 Pa. 414.

That construction must be favored which will produce equality: Weber's App., 17 Pa. 474; Malone v. Dobbins, 23 Pa. 296.

OPINION BY MR. JUSTICE FRAZER, July 17, 1918:

F. A. Mizener died leaving a will supplemented by three codicils, in the last of which he gave to his daugh-

ter Mathilda, "thirty-thousand dollars, par value of bonds," and appointed his wife the daughter's guardian. Deceased left a large estate in which were included bonds amounting to approximately $300,000, par value, some of which were appraised above and others below par. Petitioner, on behalf of the minor daughter, claimed the right to select from the bonds to the extent of $30,000 actual value, and asked an order on the executors to deliver to her certain securities named in the petition, the appraised value of which amounted to $30,620. The answer of the executors averred, inter alia, that petitioner was without right of selection, and that, since the inventory and appraisement showed portions of the bonds had a market value of much less than par, petitioner was entitled to receive bonds having the same market value as the average of all the bonds belonging to the estate and no more. The court below was of the opinion the language used in the codicil, when applied to the subject-matter of the gift, created a latent ambiguity and parol evidence was admitted to the effect that testator had, before his death, set apart for his other children an equal amount of par value bonds, having at that time an average market value of $24,893.75, and also at different times had declared his intention of treating his children equally, and, in view of this intention to equalize the shares of his children, the court held petitioner's right to choose bonds amounting to $30,000, par value, was limited in market value to the average value of bonds set aside for the other children.

The first question for determination is, in whom was the right of selection of the bonds, the guardian of the legatee, or the executors. The general rule is, as stated by the court below, that a legacy of a portion of property of unequal value or a portion of a larger quantity implies a right of selection in the legatee, in absence of a provision in the will showing an intent to the contrary: 1 Jarman on Wills, 332; Re Turner, 41 L. R. A. (N. S.) 1052; Lore v. Stiles, 25 N. J. Eq. 381; Youmans v. Youn-

mans, 26 N. J. Eq. 149; Moye v. Moye, 58 N. C. 359; 40 Cyc. 1488. The court concluded, however, from the parol testimony admitted, that the apparent intention of testator was to equalize the gifts of his children, and, accordingly, limited the right of choice to bonds equaling in market value the average value of those set aside for his other children. This raises a more serious question, viz, the right of the court to consider the parol evidence offered for the purpose of showing intent, and we are of opinion the court committed error in considering such evidence. The rule relating to the admission of parol evidence in cases of this character was laid down in Wusthoff v. Dracourt, 3 Watts 240, in the following language (page 243): "It is not every uncertainty or ambiguity apparent on the face of an instrument which will justify the introduction of parol testimony to explain it. It is only in those cases where the ambiguity avoids the instrument. Courts of law have always leaned against extrinsic evidence to explain the intention of the testator....... The ambiguity arises from the extrinsic fact or circumstance, and the evidence is required to give effect to the will; and from this results the necessity that extrinsic evidence should be received. But it is desirable that such evidence should be avoided, that all persons may judge from the face of the instrument itself of the extent of the devise. The modern doctrine is that, where a subject exists which satisfies the terms of the will, and to which they are perfectly applicable, there is no latent ambiguity. Evidence is only admitted dehors the will, from necessity, to explain that which would otherwise have had no operation. In all the cases which have been decided, I can find none where parol evidence has been admitted on the ground of a latent ambiguity in a case similar to the present. There is a subject-matter to which the devise applies, and no necessity can be alleged for the admission of parol testimony to give effect and validity to this part of the will. Parol evidence should be avoided, whenever it can be

done, that a purchaser or heirs-at-law may be able to judge, from the instrument itself, what lands are or are not to be affected by it."

What was stated at the time the above opinion was written to be the modern principle has now become a more or less ancient doctrine and has been consistently followed and applied in a long line of subsequent decisions of which Best v. Hammond, 55 Pa. 409; Root's Est., 187 Pa. 118; Hunter v. Hunter, 229 Pa. 349, and Metzger's Est., 242 Pa. 69, 72, are illustrations. While the primary consideration in construing a will is to ascertain the intent of the testator, such intent must be gathered from the terms of the will; the question being not what the testator intended to say but the meaning of the words used: Hancock's App., 112 Pa. 532; Woelpper's App., 126 Pa. 562; Bruckman's Est., 195 Pa. 363. A latent ambiguity can exist within the meaning of our decisions only where necessary to identify the subject-matter or object of a devise, and if there is in existence a subject or object that satisfies the terms of the will and to which they are applicable, there is no occasion for the introduction of parol evidence and a doubt suggested by extrinsic circumstances cannot be permitted to affect its construction. To do so would, in effect, amount to changing the will of testator and writing a new one for him rather than interpreting the will of his making: Appel v. Byers, 98 Pa. 479; Root's Est., supra. This question is discussed and Pennsylvania cases collected in Henry's Penna. Trial Evidence, Section 379.

We find no latent ambiguity in the present case with regard to the subject-matter of the legacy sufficient to warrant the admission of parol evidence within the meaning of the general rules above stated. That the estate includes a large number of bonds out of which may be selected an amount equal to $30,000, par value, is admitted. A subject-matter exists, consequently, to which the legacy applies. The doubt arising is one suggested by extrinsic circumstances, to wit, the fact that the

market value of the bonds varies and is not the same as their par value.  As the problem of choice, however, was impliedly left to the legatee, no difficulty is presented requiring the aid of extrinsic evidence for its solution.  We must, therefore, discover intention from the words of the will alone.

The gift is of "thirty thousand dollars, par value of bonds."  Nothing is said concerning the market value of such bonds.  It must be presumed testator, a man of considerable property, was aware of the condition of his estate and of the securities held by him, and, therefore, knew that portions of them had a market value below, and others in excess of, their par value.  He also, undoubtedly, realized the market value of the securities was subject to change from time to time and that the value of a particular security at the time of executing the will might not be a criterion of its value at a future time when the will would become effective.  Knowing this, he deliberately adopted "par value" as the standard of valuation of the gift; made no reference to market or actual value, and left the matter of choice to the legatee.  While the terms of the legacy would be fulfilled by the transfer of bonds of the par value of $30,000, even though without market value, the legatee would not likely make such choice.  Her natural selection, on the contrary, would be of bonds bearing the highest market value.  This the testator must have contemplated yet placed no limitation on such choice, except that measured by par value.  In construing testator's language all words must be given effect and the court can place no limitation on the market value of the gift without ignoring the words "par value."  To say this is contrary to the intent exhibited by other parts of the will to equalize the gifts to all his children is no answer.  On the contrary, the more logical argument is that the subsequent execution of the codicil is evidence of testator's change of mind in so far as that specific gift is concerned. Manifestly if testator intended to restrict the gift to

bonds of the face value of $30,000, he would have said so and have omitted from the gift the words "par value." The conclusion is irresistible that these words placed a single, definite limitation on the number or amount of bonds the legatee was empowered to select, regardless of their market value.

The judgment is reversed, and the executors are now ordered to deliver to the petitioner the bonds selected by her, and specified in her petition, to the par value of $30,-000, or such part thereof as have not in good faith been sold by the executors for the purpose of settling the estate, and to pay to the guardian the value of any bonds so disposed of, or deliver to her, at her option, other bonds selected by her sufficient to realize the total par value of $30,000.