## Mizener's Estate (No. 1).

*Wills—Construction — Legacy — Bonds — Right of selection in legatee.*

Where a testator left to his daughter $30,000 par value of bonds, the guardian of such daughter is entitled to select from the assets of the estate, bonds of the par value of $30,000 and the executor cannot properly limit the guardian's selection to bonds of the actual value of $30,000.

Where a legatee was entitled to bonds of the par value of $30,000, to be selected by her guardian, she was also entitled to

the interest thereon, from the date of the death of the testator, and the decree of the orphans' court, allowing her interest for a less amount, should be modified to direct the executor to pay to the guardian the interest on the bonds selected.

Argued May 6, 1919.   Appeal, No. 120, January T., 1919, by Nellie M. Lowry, from decree of O. C. Erie Co., November T., 1916, No. 58, dismissing exceptions to adjudication in Estate of F. A. Mizener. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Reversed.

Exceptions to adjudication.   Before ROSSITER, P. J.
The court dismissed the exceptions.

The facts appear in the opinion of the Superior Court and in Mizener's Estate, 262 Pa. 62.

*Error assigned* was the decree of the court.

*Joseph M. Force,* and with him *Gunnison, Fish, Gifford and Chapin,* for appellants.

*C. L. Baker,* and with him *Brooks, English and Quinn,* for appellee.

OPINION BY HENDERSON, J., July 17, 1919:

A reargument was ordered in this case because of a misunderstanding by this court of an oral statement of counsel for the appellants and appellee as to the effect of the decision on an appeal in the same estate then pending in the Supreme Court, in which case the question now before us was incidentally involved. After the argument here a decision was handed down in the Supreme Court, Mizener's Est., 262 Pa. 62, in which the main question controlling this appeal was decided in favor of the appellant.   The contention in each of the cases arose out of the third codicil to the will of F. A. Mizener, which was in the following words: "I give, devise and bequeath to my daughter Mathilde Mizener $30,000 par value of

bonds, and direct that my wife Mildred M. Mizener be
appointed guardian of my daughter.   Mathilde Mizener
without giving bond."   The decedent's estate was large
and included bonds of the par value of about $300,000,
the market value of some of which was above par and of
others below.   The guardian claimed the right to make a
selection of bonds of the par value of $30,000 from the
bonds left by the decedent and asked for an order on the
executors to deliver to her certain securities described in
the petition, the market value of which amounted to
$30,620.   The executors contended that she was only en-
titled to select bonds of the average value of all of the
bonds belonging to the estate, and the court held that in
view of the intention of the testator to equalize the shares
of his other children, to each of whom he had distributed
$30,000 of bonds having a market value of $24,893.75,
and in view of his repeated declaration of an intention to
treat his children equally, the petitioner's right to choose
bonds amounting to $30,000 par value was limited to the
average value of the bonds set aside for the other chil-
dren.   The question thus raised was whether the legatee
through her guardian had the right of selection of bonds
and therefore the right to take bonds having the par value
of $30,000 without reference to market value.   The Su-
preme Court held that the bequest conferred on the guard-
ian of the legatee the right to make such selection.   The
judgment of the orphans' court was therefore reversed
and the executors were ordered to deliver to the guardian
the bonds selected by her and specified in her petition of
the par value of $30,000, or such part thereof as had not
in good faith been sold by the executors for the purpose
of settling the estate and to pay to the guardian the value
of any bonds so disposed of, or delivered to her at her
option other bonds selected by her sufficient to realize the
total par value of $30,000.   The effect of the bequest was
therefore to invest in the legatee the title to such bonds
as she might select of the par value of $30,000.

400, (1919).]          Opinion of the Court.

The subject for our consideration is the interest accruing on the bonds so selected. The learned judge of the orphans' court held in accordance with the claim of the guardian of Mathilde Mizener that the codicil became operative at the death of the testator, and that the bonds after that event belonged to the legatee in the absence of superior demands on the estate which required their use. It was admitted that the estate was large and more than sufficient to meet all legal claims and satisfy all the legacies. It was accordingly decreed that the legatee was entitled to the interest on the bonds covered by the bequest to her from the time of testator's death. The court having decided, however, that the legatee was not entitled to bonds of the par value of $30,000, the amount of interest which she was allowed was less than that which accrued on the bonds selected. Her right to $30,000 par value of bonds having been established by the decree of the Supreme Court, the decree of the orphans' court should be so modified on this appeal as to give to the guardian the interest thereon. No equitable or controlling reason has been suggested why the appellant, who was apparently the last child in the thought of the testator, as shown by the codicil, should be deprived of the income of her bonds for the benefit of the residuary legatees. The size of the testator's estate, the general scheme of the will, and the specific designation of the property given to the daughter leave little doubt of the intent of the testator to make the bequest take effect at his death, from which it followed that she was entitled to interest accruing on the securities bequeathed to her. The decree is therefore so modified that the executors are directed to deliver and pay to the legatee or her guardian the interest on the bonds selected by her accruing after the death of the testator, the cost of this appeal to be paid by the executors out of the estate.