## Shand's Estate.

*Trusts and trustees—Will—Charity—Free library—Identity of legatee—Appointment of trustee so that charity may not fail—Unincorporated association as trustee—Evidence—Acts of April 26, 1855, P. L. 328; May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114.*

1. Under the Acts of April 26, 1855, P. L. 328; May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114, no disposition of property made for any religious or charitable use shall fail for want of a trustee, and the courts having equitable jurisdiction, may appoint such trustee.

2. Parol evidence is admissible as an aid in determining for whom a legacy was intended.

3. Where the identity of a legatee depends upon parol evidence, a finding of the lower court is entitled to the same weight as the verdict of a jury.

4. Bequests for religious and charitable purposes may be lawfully made to unincorporated societies.

5. Where a bequest is made to a free library association in a city named, and there are two organizations in such city maintaining one free library in the same building under a mutual arrangement, and both claim the bequest, the court will appoint trustees, other than such organizations, to hold and invest the legacy for the free library association as designated in the will; especially is this so where there is some ill feeling between the rival claimants.

Argued May 12, 1922. Appeal, No. 307, Jan. T., 1922, by trustees of the A. Herr Smith Memorial Library, from decree of O. C. Lancaster Co., May T., 1920, No. 90, dismissing exceptions to adjudication, in estate of James Shand, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Decree modified.

Exceptions to adjudication. Before SMITH, P. J.

Exceptions dismissed. Trustees of A. Herr Smith Memorial Library appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Wm. N. Appel,* with him *John E. Malone, John A. Nauman* and *Benj. C. Atlee,* for appellants.—An unincorporated charitable association may hold property for a charitable use: Zimmerman v. Anders, 6 W. & S. 218; Pickering v. Shotwell, 10 Pa. 23; Lawson's Est., 264 Pa. 77; Amole's Est., 32 Pa. Superior Ct. 636; Fire Ins. Patrol v. Boyd, 120 Pa. 624.

Parol evidence was admissible: Domestic and Foreign Missionary Society's App., 30 Pa. 425; Capper's Est., 21 Pa. Dist. R. 1085; Vernor v. Henry, 3 W. 385; Brownfield v. Brownfield, 12 Pa. 136; Washington & Lee University's App., 111 Pa. 572; Cresson's App., 30 Pa. 437.

*F. Lyman Windolph,* for appellee, cited: Tyson's Est., 191 Pa. 218; Columbia Bridge Co., Brightly (Pa.) 320; Vidal v. Girard's Exrs., 2 How. 129.

OPINION BY MR. JUSTICE WALLING, June 24, 1922:

This controversy arises over the identity of a legatee. The will of the late James Shand of Lancaster makes, inter alia, a bequest as follows, viz: "To the Free Library Association, of the City of Lancaster aforesaid, the sum of Five Thousand Dollars ($5,000), the same to be invested in good and legal securities, and the income thereof to be used and expended in the maintenance of the said Association as in the judgment of its Board of Managers will seem best." There was and is no single institution which exactly answers the description, yet there are two claimants for the legacy, to wit, the trustees of the A. Herr Smith Memorial Library and the Mechanics Library Society of the City and County of Lancaster; the former being an unincorporated association and the latter a corporation. The orphans' court, after hearing evidence and upon due consideration, decreed the fund as follows, viz: "To the Mechanics Library Society of the City and County of Lancaster, Penna., trustee for the use of the Free Library Association of the City of Lancaster, $5,000"; from which the

trustees of the Smith Memorial Library brought this appeal.

Miss Eliza E. Smith, a former resident of Lancaster, undertook the laudable work of establishing in that city a free public library as a memorial to her late brother, the Honorable A. Herr Smith, for many years prominent as a lawyer and member of Congress. In 1898 Miss Smith, in furtherance of her project, made a conveyance to the two judges of Lancaster County and to the mayor of Lancaster City of a lot and three-story brick building thereon, situated opposite the post office in that city, to them and their successors in office in trust as a permanent home for the proposed library. The trust was accepted, subject to Miss Smith's management, which she retained until her death in 1904. Meantime she promulgated rules, by-laws, etc., for its operation. The library was free to the public, but practically its only books were those of Mr. Smith's private library, numbering from five hundred to a thousand volumes.

The other claimant was chartered in 1831 under the name of "The Mechanics Society of the City and County of Lancaster," many years later amended to read, "The Mechanics Library Society of the City and County of Lancaster." In addition to members, any citizen could have access to its library by paying an annual fee of one dollar. In 1900 this society, through the kindness of Miss Smith, moved its library into the building she had conveyed in trust as above stated, where it remained rent free until her death and, thereafter, at the annual rental of one hundred dollars, until 1908. During the latter year a formal agreement was made between the two organizations by which the Mechanics Library Society loaned its entire library, consisting of about six thousand volumes, to the Smith Memorial Library, on condition, inter alia, that the latter maintain a free library and employ a competent librarian at its own expense. Thereupon the sign upon the building, "Mechanics Library Society" was replaced by that of "Lancaster Free

Library," which latter was there when testator made his will. The Mechanics Library Society is still the owner of its library and of such additions as it annually makes thereto from a small income.

The parol evidence shows testator, before having the name of this legatee written in his will, visited the building, read the sign thereon and then directed the scrivener to write in the name "Free Library Association of the City of Lancaster." Neither claimant, standing alone, seems to meet the requirements as legatee, while both, united and affording Lancaster a free library as they have been since 1908, do; hence, it is clear the two so joined together constituted the Free Library Association intended, and that a trustee should be appointed to take charge of the fund and protect their interests. We, therefore, agree with and adopt the following from the opinion of the court below, viz : "While it was found that the testator did not intend his gift for the A. Herr Smith Memorial Library, it could not be found that it was intended for the Mechanics Library Society. Manifestly it was the testator's purpose to give to the Mechanics Library Society and the A. Herr Smith Memorial Library coöperating and working together, and which he chose to name the Free Library Association of the City of Lancaster. It was awarded to a trustee for the benefit of the associated bodies, the only library association in the City of Lancaster. No trustee was suggested. In appointing one the court responded to the duty and exercised the power prescribed by the Acts of April 26, 1855, P. L. 328; May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114. Each of these acts provides that no disposition of property made for any religious or charitable use shall fail for want of a trustee, and that it shall be the duty of any court having equity jurisdiction to supply a trustee and by its decrees carry into effect the intent of the donor or testator so far as the same can be ascertained and carried into effect consistently with law or equity.' The Act of 1895 amends the Act of 1855 by di-

recting that the proceedings to supply a trustee 'shall be instituted by leave of the Attorney General of the Commonwealth,' which leave was granted." However, as this strife seems to have caused some feeling between the rival claimants, it was error to appoint one of them, to wit, the Mechanics Library Society of the City and County of Lancaster, as the trustee. Doubtless it is well qualified, but, owing to such ill feeling and the possibility of conflicting views, a disinterested party should be the trustee: see 39 Cyc. 293.

The parol evidence was properly admitted as an aid in determining for whom the legacy was intended: Amberson's Est., 204 Pa. 397; Appeal of Washington and Lee University, 111 Pa. 572; Wagner's App., 43 Pa. 102; Kimmel v. Wagner, 1 Walker (Pa.) 191; Wampole's Est., 3 Pa. Superior Ct. 414; 40 Cyc. 1429. Where, as here, the identity of a legatee depends upon parol evidence, a finding of the lower court is entitled to the same weight as the verdict of a jury; but, aside from that rule, we are satisfied the finding is right.

The fact that the Smith Memorial Library is not a corporation is unimportant. "It is now settled in Pennsylvania that bequests for religious and charitable purposes, may be lawfully made to an unincorporated society," from opinion of the present Chief Justice in Lawson's Est., 264 Pa. 77, 82; and see cases there cited.

The decree is modified by setting aside the appointment of the Mechanics Library Association of the City and County of Lancaster, Pa., as trustee, and, as so modified, is affirmed and the record remitted to the court below with direction to appoint a new trustee to hold and invest said $5,000 legacy, for the use of the Free Library Association of the City of Lancaster. Costs to be paid out of the fund.