## Byrne's Estate.

Argued March 10, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*J. E. Vandersloot*, with him *Charles E. Vandersloot*, for appellant.

*James Graham Glessner*, for appellee.

PER CURIAM, April 16, 1936:

By the sixth clause of her will, the testatrix bequeathed one thousand dollars to "William Strubinger, his heirs and assigns."

The bequest was claimed by William D. Strubinger, a nephew, aged 64 years, who has resided in Washington, D. C., for the past 17 or 18 years, and by William F. Strubinger, a grand nephew,—aged 32 years, son of William D. Strubinger's brother Charles—, who resides in York, Pa., a few doors away from where the testatrix lived.

There was thus a latent ambiguity in the will and the auditor received testimony on behalf of both claimants in order to clear up the ambiguity and determine which

of the two William Strubingers was the person for whom the bequest was intended.

Counsel for appellant, although he himself produced testimony for that purpose, now objects and argues that it should not have been received. The law sustains the auditor's action in this respect. In Brownfield v. Brownfield, 12 Pa. 136, an action in ejectment arising out of the fact that there were two posts which met the description of a monument or division point in a devise of land,—"a post, a corner of John Brownfield and my home place"—Chief Justice GIBSON, speaking for the court, said that the case arose "from a latent, not a patent ambiguity, produced not by the words of the will but by circumstances collateral to it," and held that it was a question of fact for the decision of the jury on the evidence produced. He also said, "Nothing could be more indefinite than a bequest simply to John Smith; yet it would be unambiguous, standing in the words of the will, though it might be otherwise standing on extrinsic circumstances; and a contest about the identity of the legatee would be determinable as an unmixed question of fact." In Metzger's Est., 222 Pa. 276, 71 A. 96, Mr. Justice STEWART speaking for the court said (p. 281) : "A latent ambiguity can only be developed by extrinsic and collateral circumstances, and it is always competent to show that such ambiguity exists ...... 'When such latent ambiguity has once been made dehors the will, then the way is open for parol testimony to whatever extent may be necessary to remove it': Brownfield v. Brownfield, 12 Pa. 136; Brendlinger v. Brendlinger, 26 Pa. 131." To the same effect, see Wagner's App., 43 Pa. 102; Amberson's Est., 204 Pa. 397, 401, 54 A. 484; Shand's Est., 275 Pa. 77, 81, 118 A. 623; Wampole's Est., 3 Pa. Superior Ct. 414; Miller's Est. (No. 1), 26 Pa. Superior Ct. 443, 449; Morris's Est., 76 Pa. Superior Ct. 50, 53. The leading text book authorities are, likewise, in agreement on the

subject. See 1 Greenleaf on Evidence, sec. 297; Wigmore on Evidence, secs. 2470-2472 (2d Ed. and 1934 Supplement). Sir James Wigram, V. C., in Extrinsic Evidence in Aid of the Interpretation of Wills, Proposition V, said: "For the purpose of determining the object of a testator's bounty, or the subject of disposition, or the quantity of interest intended to be given by his will, a Court may inquire into every material fact relating to the person who claims to be interested under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator and of his family and affairs, for the purpose of enabling the Court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will." This was approved by Professor James Bradley Thayer, in his Preliminary Treatise on Evidence, pp. 445-6, as follows: "Accordingly it had become possible for Wigram to lay it solidly down, over seventy years ago, that, with the exception of direct statements of intention, no extrinsic fact relevant to any legitimate question arising in the interpretation of writings and admissible under the general rules of evidence, could be shut out. The fifth proposition in his little book states, as regards wills, that in order to determine the donee, or the thing given, or the quantity of interest, or any other disputed point respecting which it can be shown that a knowledge of extrinsic facts can in any way aid the right interpretation of the words, a court may inquire into every material fact relating to the matter in question; and that every claimant under a will has a right to require a court of construction to place itself, by examining extrinsic facts, in the situation of the testator himself."

There is no intrinsic evidence in the will that points clearly to either one of the claimants as the one intended by the testatrix. The legacy in the fifth clause is "to my nephew, Frank Strubinger"; the devise in the

eleventh clause is "to my nephew, Charles Strubinger;" the legatee in the sixth clause is not described as 'my nephew' or 'my grand-nephew.' The legacy in the seventh clause is simply, "to Clara Strubinger Delone," who was a niece; that in the eighth clause simply, "to Jennie Strubinger of Philadelphia," who was a grand-niece; while the devise in the tenth clause was "to my niece Henrietta Strubinger Throne," who was really a grand-niece.

The auditor, after hearing all the evidence held that the clear preponderance of the testimony led inevitably to the conclusion that the decedent intended the bequest for William F. Strubinger. The court below approved the findings of the auditor. Both of them applied the rule that the burden was on the appellee to show by a fair preponderance of the evidence that the testatrix intended that he should receive the legacy rather than his uncle, the appellant, who was nearer of kin to the testatrix—See Grim's App., 89 Pa. 333, 335; Abel v. Abel, 201 Pa. 543, 545, 51 A. 333; Miller's Est., supra, p. 451; and held that this burden had been met. The findings of fact of an auditor, when approved by the court, have the weight of the verdict of a jury and will not be disturbed if there is evidence to support them. See also Wagner's App., supra, p. 104.

The appeal is dismissed at the costs of appellant.