## Williamson Estate.

Argued April 15, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Herbert A. Mook,* for appellant.

*Fred C. Kiebort,* with him *E. Lowry Humes* and *Humes & Kiebort,* for appellee.

OPINION BY RHODES, P. J., July 17, 1947:

This is an appeal from a decree of the Orphans' Court of Crawford County relating to the distribution of a decedent's estate.

The eighth paragraph of decedent's will included a legacy of $1,000 "unto the Meadville Firemen's Relief Association, Division No. 43." Two nonprofit corporations claimed the legacy: "Meadville Volunteer Fireman's Relief Association," and "Paid Firemen's Relief and Pension Association of Meadville, Pennsylvania."

At the request of the corporate executor, the court below appointed an auditor, who heard testimony to determine which organization was entitled to the legacy under the will. The auditor awarded to the Meadville Volunteer Firemen's [Fireman's] Relief Association, the appellee. Exceptions to the auditor's report were dismissed, and the accountant was directed to make distribution to appellee. From this decree the Paid Firemen's Relief and Pension Association of Meadville, Pennsylvania, appeals.

Appellant discusses three questions: (1) Was there a latent ambiguity in the bequest so as to make extrinsic

evidence admissible to explain testator's intention? (2) Was the testimony of the attorney, who drew the will, to the effect that former wills of this decedent contained a similarly worded bequest, admissible? (3) Does not the evidence conclusively establish that the bequest was intended for appellant?

Testator died March 10, 1944, a resident of Meadville; his duly probated will was dated May 6, 1943. Testator was an engineer on the Erie Railroad, and he retired on a pension five or six years before his death. He was a widower, and spent much of his time, before and after retirement, visiting with and talking to firemen at the Central Fire Station in Meadville. These visits were made both before and after the organization of the Paid Firemen's Relief and Pension Association of Meadville, Pennsylvania, which was organized January 9, 1939.

The Meadville Volunteer Fireman's Relief Association was originally incorporated September 13, 1897, under the name of "Meadville Fireman's Relief Association of the State of Pennsylvania." By order of the Court of Common Pleas of Crawford County entered November 6, 1939, the name of this organization was changed to "Meadville Volunteer Fireman's Relief Association," nunc pro tunc as of December 27, 1911. Although not a member of either organization, testator visited the firemen for twelve or fifteen years before his death, or at least as early as 1929. Prior to the incorporation of the Paid Firemen's Relief and Pension Association on January 9, 1939, some of the paid firemen were members of the volunteer association.

The evidence produced by appellant showed that testator, particularly after his retirement, visited the paid firemen at the Central Fire Station, that he spent two or three hours a day talking to them, and that on many occasions stated they should have a pension fund. Testator attended a banquet of the paid firemen, and exchanged presents with them at Christmas. They told

him of their organization, that they had a fund of $1,800, and that they were trying to obtain a portion of certain funds or state aid which was being paid to the volunteer association. There was evidence that the conversation with testator relative to obtaining state aid took place before the incorporation of the paid firemen's association.

The attorney who drew decedent's will testified, over objection of counsel for appellant, that he prepared a will for decedent in June of 1939, which contained a bequest to "Meadville Firemen's Relief Association, Division No. 43," and that an identical bequest was contained in several former wills, drawn prior to 1939. He had before him the will executed in June, 1939, when he drafted the will of May 6, 1943. The trust officer of the corporate executor confirmed the fact that decedent's will of June, 1939, contained a bequest identical with that in paragraph eight of decedent's last will. The will drawn and executed in June, 1939, as well as decedent's former wills, was destroyed. It is not disputed that the designation "Division No. 43" has no connection with the bequest, and that it belonged with, and should properly have been used to designate, another legatee named in the will, the Brotherhood of Locomotive Engineers.

We think it is clear that the bequest in question presented a latent ambiguity, and that extrinsic evidence was admissible to resolve the ambiguity. *Gerety Estate*, 354 Pa. 14, 46 A. 2d 250. See, also, *Morris's Estate*, 76 Pa. Superior Ct. 50; *Byrne's Estate*, 121 Pa. Superior Ct. 550, 184 A. 303. There was no association having the name which testator applied to the legatee in his will. There were two corporations, each of which partially fitted the words of designation used in the bequest. Appellant rather contends for application of the rule that extrinsic evidence is admissible to explain a latent ambiguity in a will. Appellant's chief complaint is that the auditor and court below did not conclude that it was the legatee intended.

The testimony of the attorney that decedent's former wills contained a similarly worded bequest was, we think, admissible. It tended to show that decedent must have meant the volunteer association since the paid association was not yet in existence at the time of execution of some of the former wills. See *Shand's Estate*, 275 Pa. 77, 80, 118 A. 623. Appellant has given no reason, nor cited any authority, to show why such evidence was not admissible. The weight of such testimony was for the trier of fact. "Under some circumstances a revoked will may aid the interpretation of the last will, as a repealed statute may sometimes assist in arriving at the meaning of a subsequent enactment": *Hirst's Appeal*, 92 Pa. 491, at page 497. "Where there is such an ambiguity in a will as to justify consideration of extrinsic evidence, former wills executed by the testator may be considered to throw light on his intention": Page on Wills, 3d Ed., vol. 4, section 1625, p. 668.

Under the circumstances, we must affirm the conclusion of the auditor and the court below. In this aspect the present appeal is ruled by *Byrne's Estate,* supra, 121 Pa. Superior Ct. 550, 184 A. 303, where, on conflicting extrinsic evidence, a devise to "William Strubinger" was held by the auditor and the court below to mean William F. Strubinger, and not William D. Strubinger. In affirming the decree of the court below, we stated (p. 554 of 121 Pa. Superior Ct., p. 304 of 184 A.) : "The findings of fact of an auditor, when approved by the court, have the weight of the verdict of a jury and will not be disturbed if there is evidence to support them. See also Wagner's App., supra [43 Pa. 102], p. 104."

The decree is affirmed. Costs to be paid by appellant.