## Wagner's Estate

*Harold E. Martin,* for exceptant.
*F. Lyman Windolph,* contra.
*Louis S. May,* for accountant.

APPEL, P. J., September 16, 1942.—Exceptions have been filed to the adjudication of this court for the reason that collateral transfer inheritance tax was not awarded on a residuary legacy to an institution designated in the will as the "A. Herr Smith Free Memorial Library of Lancaster, Pennsylvania". There is no existing institution by that exact name. The legacy was awarded cy pres to the "Lancaster Free Public Library".

It is contended on behalf of the Commonwealth of Pennsylvania that the A. Herr Smith Memorial Library was intended by the testator to be the legatee, and that this institution is not a free, public non-sectarian library, within the purview of section 27 of the Act of July 20, 1917, P. L. 1143, 53 PS §1727, and its amendments, including the amendment of June 5, 1937, P. L. 1701, sec. 1, 53 PS §1727, exempting devises thereto from payment of collateral transfer inheritance taxes, and that the present legacy is subject to collateral transfer inheritance tax. . . .

The decedent in this case, a minister of the Reformed Church of the United States and formerly for many years a professor of English literature in Franklin and Marshall College, died on November 9, 1940, a resident of this county. After making a number of bequests in his will, he provided:

"ITEM XII. All the rest, residue and remainder of my estate, of whatsoever nature and wheresoever the same may be at the time of my death, I give, devise and bequeath, in equal shares, unto the Visiting Nurse Association, of Lancaster, Pennsylvania, and the A. Herr Smith Free Memorial Library of Lancaster, Pennsylvania." . . .

This court, in its adjudication filed March 5, 1942, said:

"From the evidence produced this court finds that the A. Herr Smith Memorial Library was, and its successor by merger and assignee in this estate, the Lancaster Free Public Library is, a free, public, nonsectarian library, furnishing library facilties to the citizens of Lancaster City and County; that the A. Herr Smith Memorial Library was, and the Lancaster Free Public Library is, maintained by contributions from the County of Lancaster, the City of Lancaster, the Commonwealth of Pennsylvania, and in addition by the School District of Lancaster City; that the management of the library by the Lancaster Free Public Library conforms to the requirements of the Act of July 20, 1917, P. L. 1143, and the amendments by Act of May 4, 1927, P. L. 724, and creates a free, public, nonsectarian library; and, therefore, under the Act of June 5, 1937, P. L. 1701, sec. 1, reinstating section 27 of the 1917 Act, any legacy to it is not subject to transfer inheritance tax . . ."

Section 1 of the Act of June 5, 1937, P. L. 1701, 53 PS §1727, provides as follows:

"Any building which shall be owned and occupied by a free, public, nonsectarian library, and the land on

which it stands and that which is immediately and necessarily appurtenant thereto, shall be exempt from all county, city, borough, town, school, county, poor, or road taxes, notwithstanding the fact that some portion or portions of said building or lands appurtenant may be yielding rentals to the corporation or association managing such library: Provided, That the net receipts of said corporation or association from rentals shall be used solely for the purpose of maintaining the said library. All gifts, devises, grants, or endowments made to such a library, or to a national library, and for such purposes, shall be free from collateral inheritance tax; and any gifts, endowments, or funds of such libraries which are invested in interest-bearing securities, the income from which is used solely for the purpose of books or the maintenance of such libraries, shall be exempt from any State tax on money at interest."

The preamble of the Act of July 20, 1917, P. L. 1143 (of which the Act of June 5, 1937, P. L. 1701, is an amendment), provides as follows:

"An act relating to free, public, nonsectarian libraries and branch libraries within this Commonwealth; providing for their establishment, maintenance, and regulation, and for the maintenance and regulation of such free, public, nonsectarian libraries as may have been already established by the several counties, cities, boroughs, towns, and townships; and providing that all library property, and all gifts, devises, grants, or endowments for library purposes, shall be exempt from taxation; and providing that the several counties, cities, boroughs, towns, and townships may levy taxes, condemn private property, and borrow money for library purposes; and imposing penalties for injuring library property and for violations of library regulations; and repealing existing laws in relation to the above subjects."

Section 21 of the Act of July 20, 1917, P. L. 1143, 53 PS §1721, provides as follows:

"Whenever there is in any municipality a free, public, nonsectarian library which is open to the use of all the residents thereof, no new library shall be there established under the provisions of this act, but all public aid hereby authorized shall be given to such existing library, under proper agreement, to enable it to meet as far as possible the needs of such residents: Provided, however, That wherever there may be, at the time of the passage of this act, two or more such libraries receiving aid from the same municipality, the appropriation authorized by this act shall be divided between said libraries according to the terms of an agreement previously entered into between said libraries."

In Shand's Estate, 275 Pa. 77 (1922), the trustees of the A. Herr Smith Memorial Library made claim to a legacy to the "Free Library Association", and the Supreme Court said (p. 78):

"This controversy arises over the identity of a legatee. The will of the late James Shand of Lancaster makes, inter alia, a bequest as follows, viz: 'To the Free Library Association, of the City of Lancaster aforesaid, the sum of Five Thousand Dollars ($5,000), the same to be invested in good and legal securities, and the income thereof to be used and expended in the maintenance of the said Association as in the judgment of its Board of Managers will seem best.' There was and is no single institution which exactly answers the description, yet there are two claimants for the legacy, to wit, the trustees of the A. Herr Smith Memorial Library and the Mechanics Library Society of the City and County of Lancaster; the former being an unincorporated association and the latter a corporation. The orphans' court, after hearing evidence and upon due consideration, decreed the fund as follows, viz: 'To the Mechanics Library Society of the City and County of Lancaster, Penna., trustee for the use of the Free Li-

brary Association of the City of Lancaster, $5,000';
from which the trustees of the Smith Memorial Library
brought this appeal.

"Miss Eliza E. Smith, a former resident of Lancaster, undertook the laudable work of establishing in that city a free public library as a memorial to her late brother, the Honorable A. Herr Smith, for many years prominent as a lawyer and member of Congress. In 1898 Miss Smith, in furtherance of her project, made a conveyance to the two judges of Lancaster County and to the mayor of Lancaster City of a lot and three-story brick building thereon, situated opposite the post office in that city, to them and their successors in office in trust as a permanent home for the proposed library. The trust was accepted, subject to Miss Smith's management, which she retained until her death in 1904. Meantime she promulgated rules, by-laws, etc., for its operation. The library was free to the public, but practically its only books were those of Mr. Smith's private library, numbering from five hundred to a thousand volumes.

"The other claimant was chartered in 1831 under the name of 'The Mechanics Society of the City and County of Lancaster,' many years later amended to read, 'The Mechanics Library Society of the City and County of Lancaster.' In addition to members, any citizen could have access to its library by paying an annual fee of one dollar. In 1900 this society, through the kindness of Miss Smith, moved its library into the building she had conveyed in trust as above stated, where it remained rent free until her death and, thereafter, at the annual rental of one hundred dollars, until 1908. During the latter year a formal agreement was made between the two organizations by which the Mechanics Library Society loaned its entire library, consisting of about six thousand volumes, to the Smith Memorial Library, on condition, inter alia, that the latter maintain a free

library and employ a competent librarian at its own expense. Thereupon the sign upon the building, 'Mechanics Library Society' was replaced by that of 'Lancaster Free Library,' which latter was there when testator made his will. The Mechanics Library Society is still the owner of its library and of such additions as it annually makes thereto from a small income.

"The parol evidence shows testator, before having the name of this legatee written in his will, visited the building, read the sign thereon and then directed the scrivener to write in the name 'Free Library Association of the City of Lancaster.' Neither claimant, standing alone, seems to meet the requirements as legatee, while both, united and affording Lancaster a free library as they have been since 1908, do; hence, it is clear the two so joined together constituted the Free Library Association intended, and that a trustee should be appointed to take charge of the fund and protect their interests. We, therefore, agree with and adopt the following from the opinion of the court below, viz: 'While it was found that the testator did not intend his gift for the A. Herr Smith Memorial Library, it could not be found that it was intended for the Mechanics Library Society. Manifestly it was the testator's purpose to give to the Mechanics Library Society and the A. Herr Smith Memorial Library coöperating and working together, and which he chose to name the Free Library Association of the City of Lancaster' . . ."

The primary and fundamental purpose and intention of the present testator was not to perpetuate his own name or that of A. Herr Smith (or as in Wilkey's Estate, 337 Pa. 129, 134, to perpetuate a family name as a testamentary memorial, or as in Sellers' Estate, 325 Pa. 377, as a memorial to donor's parents). The bequest was not primarily to erect or to embellish, improve, repair, or alter a building. The principal and fundamental purpose of this testator was to further,

advance, and improve the operation of a fre public library in Lancaster City and County, to promote the acquisition of books, the borrowing and lending of the same, the encouragement of knowledge and culture through the reading of good literature, and study of books on scientific, biographical, historical, social, moral, economical, and philosophical subjects. Testator was not primarily interested in the mechanics or methods of operation of an institution or in the exact name of the organization which would carry his benefaction into practical effect. Otherwise, he would have been sure to have used the precise and exact legal name of his legatee. While he attaches the name of A. Herr Smith to his designated beneficiary and inserts the word "Memorial" in the name of the beneficiary, inasmuch as the word "Free" does not appear in the designation of the trustees in the deed from Eliza E. Smith, testator did not exactly in the identical words describe the library named in the Smith deed. This court, therefore, is of the opinion that the main words in the name of his beneficiary which testator desired to emphasize were the words "free library of Lancaster", and that thereby he indicated the general uses and purposes for which he made a testamentary provision.

The present Lancaster Free Public Library is the result of an historical development of library organizations in the City of Lancaster for more than 100 years. The organizations and operations of different libraries, different societies, associations, or organizations growing together and coöperating, absorbing partially the assets and operating management of one another, each in its own sphere making a contribution to a general community purpose, gradually became grouped together in an association which was described in the opinion in the Shand estate. So that, while not losing entirely its identity, each former separate or individual organization made important contributions to the ac-

complishment of the whole general purpose of establishing the organization, management, and operation of a free, public, nonsectarian library in the community. In this general plan one organization appears to have contributed books, one a building, one the management and general control and operation of the associated libraries. It appears that none of the separate organizations could successfully accomplish, by and large, the entire plan of a large successfully-operated and managed free public library, but that the several organizations became "all members one of another". In this way, while the Lancaster Free Public Library was not in a legal sense a complete merger (like banks, or railroads, or churches merge) of the several organizations, there was an actual, definite, and efficient merger of practices, purposes, instrumentalities, and operations. In this way, through the years, the different parts of these combined organizations and operations became so inextricably involved that to the outsider it was impossible to distinguish the several parts that go to contribute to the successful operation of the free public library. The history of "The Mechanic's Library of the City and County of Lancaster" has been referred to as an organization owning books without a building. The A. Herr Smith Memorial Library has been referred to as a building, more or less without books. In the course of time the members and the trustees or directors or boards of management of the several organizations became to all intents and purposes practically identical, consisting of the same persons. In Shand's Estate, above referred to, the benefaction was strictly speaking to a nonexisting library, but the intents and purposes of the testamentary disposition were so clear and definite that the bequest was sustained. So in the instant case, the general purpose and intention of the testator are clearly definite and precise as a general charitable disposition for library purposes, and will form a valu-

able and important contribution to the general purpose of a free public library in this community.

The general plan of each of the constituent parts of the Lancaster Free Public Library in growing together, coöperating, and associating themselves together and merging their purposes and methods of operation and management is indicated by their formal actions, resolutions, and agreements, which are a part of the record in this case. The assignment of the current legacy by the directors of the A. Herr Smith Memorial Library to the Lancaster Free Public Library corporation is an indication of the close harmony in which all the several organizations interested operate and maintain the aims, purposes, and intentions of the Lancaster Free Public Library. This assignment is not to be taken or considered as an ordinary bargain and sale, an assignment for a consideration, but as a practical effort to carry into effect what the several organizations considered to be the intention and purpose of this testator, and an amicable application of the cy pres doctrine to be enforced by the court in its awards and decrees.

The argument on the part of the Commonwealth that this union or merger of purposes is only temporary and not permanent, and might be dissolved, and for that reason this benefaction is taxable appears to this court to be an unworthy suggestion. It does not take into consideration the purposes, intentions, time, services, contributions of those public-spirited citizens, who for many years and to the present time have maintained and operated libraries in this community, which they have now consolidated.

The standard of measurement of liabilities in this case should not rest on problems that may arise or actions that may be taken in the future, nor should such standard be that expressed only in the words of the statute law. This standard should be that which is found by inference in the legislative intent in making the statutes. A gift to the "Lancaster Free Public Li-

brary", a corporation by that name, while it conforms to the legislative requirements, would not be liable for transfer inheritance tax. This court, therefore, is of the opinion that a testamentary gift, at first blush apparently made to a constituent part of that organization by name, but incorrectly described by name, and so by virtue of the action of the organizations interested, as well as by the action of this court under cy pres principles in awarding the fund, to the "Lancaster Free Public Library", under the statute is free of transfer inheritance tax.

Neither the A. Herr Smith Memorial Library nor the Mechanics Library of the City and County of Lancaster, by themselves and separately, was able to attain to the dignity requisite to or commensurate with the requirements of a free public library in a community of the size of Lancaster with its more than 200,000 population. Nor, by reason of the word "Memorial" attached to the name of A. H. Smith, is it probable that such library alone would attain to such dignity. This is particularly true considering the rather small intrinsic value of the original donation in comparison with the large sums of money necessary to erect, establish, and maintain a library of proper and adequate proportions. This statement is made with no intention to disparage the fine charitable spirit of the donor who made, for its time, an exemplary contribution to the library needs of the community.

It is obvious that, in case of the sale of the building deeded by Eliza E. Smith to trustees for use as a free, nonsectarian, memorial library, the proceeds derived from any such sale must be devoted under the purpose of the deed in trust to the uses and purposes of some free, public, nonsectarian library in the City of Lancaster. The funds may be held in trust or become The A. Herr Smith Memorial Endowment for free public library purposes, but the fund must be applied to gen-

eral library purposes under the deed of trust, which are to all intents and purposes practically identical and similar to the uses and purposes for which the Lancaster Free Public Library has been established. The present award to the Lancaster Free Public Library is subject to similar trust purposes. If the present corporation should be dissolved, to which the Commonwealth refers, this awarded fund in whatever form it may at such time be, will still be held for free, public, nonsectarian library purposes within the purview of the act exempting such legacy from collateral transfer inheritance taxes.

In Sellers' Estate, supra, which is the case chiefly relied upon by the Commonwealth in its assertion of tax liability of the bequest under the will of Dr. Wagner, there was a gift of certain real and personal property by Sarah P. Sellers to certain trustees in trust to pay the net income therefrom to the donor during her lifetime, and at her death to retain the principal for the creation, equipment, and maintenance of a free public library as a memorial to her parents. The deed of trust stipulated that the library should be under the management of a board of 12, of whom six persons named in the deed were to select the others. This library was preferably to be located in the dwelling then occupied by the donor, but she was to remain in enjoyment and control of the residence as long as she lived. The net income from the trust was to be turned over to the board of management of the library for its maintenance. The donor reserved the right to revoke or alter her trust. By her will in 1931 she confirmed the disposition of her estate as set forth in the deed of trust. Therefore, in the Sellers estate, as well as in the Wagner estate, the benefactions became operative at the death of the donor and the testator. The Supreme Court in discussing the question of the taxability of the Sellers benefaction said (p. 380):

"Appellants, in order to find refuge under the Act of 1917, are therefore compelled to fall back upon an alleged status acquired for their library by a written agreement entered into between them and the Board of Library Directors of the Free, Public, Nonsectarian Library of the Township of Upper Darby, under date of May 17, 1934. It appears that a free, public, nonsectarian library had been established in Upper Darby Township in 1930, following a vote of the qualified electors in accordance with the provisions of the act. The agreement recited that the public could be best served 'by the joining and coöperation of the two bodies.' It provided that decedent's former home should be 'used and occupied as a Public Non-Sectarian Free Library for the use of the residents of the said Township of Upper Darby,' and that the net income from the trust fund should be used for the support and maintenance of the building, which was to be under the control and management of a board of managers 'subject to the rights, powers and duties of the said Trustees under the terms of the said Trust, and of the Board of Library Directors as provided by law.' The Board of Managers was to consist of not more than twelve persons 'to be selected in conformity with the terms of said Trust and the requirements of the law regulating the establishment and maintenance of Free Non-Sectarian Libraries. Upon such Board the Trustees shall have representatives as is provided by said Trust, and the Board of Library Directors shall have such representatives as shall conform to the law relating to the establishment and maintenance of Free Public Non-Sectarian Libraries.' There were to be periodical joint meetings of the Board of Managers and the Board of Library Directors. The agreement was subject to revocation by either of the parties upon 90 days' notice."

The Supreme Court held, at page 381, that the agreement of March 17, 1934, did not confer upon the

library the exemption otherwise denied to it, for that exemption in conformity with the general scope of the Act of 1917 was limited to libraries supported wholly or in part by the several municipalities. The court further said at page 382:

"If the present library be regarded as the one established by the municipality in 1930, it would, by sections 5 and 9 of the act, have to be under the *exclusive control* of a board of library directors appointed by the 'municipal authorities,' whereas the present library, so far from being under the exclusive control of such a board, is governed by a board of managers appointed by the trustees under the Sellers deed of trust. It would seem clear that a municipally owned library cannot be turned over, even by the municipal authorities themselves, to private management."

Referring to sections 12, 13, and 14 of the act as amended by the Act of May 4, 1927, P. L. 724, providing the municipality may make an appropriation to maintain or aid in the maintenance of a free public library established in any manner other than under the provisions of sections 3, 4, and 7 of the act, upon municipal representation by at least two members of the board having control of the affairs of the library, the court said that, so far as the record disclosed, the municipality had not made any appropriation in aid of the library or any contract with its management or owners. The court referred to section 21 of the act, providing that, "Whenever there is in any municipality a free, public, nonsectarian library which is open to the use of the residents thereof, no new library shall be there established under the provisions of this act, but all public aid hereby authorized shall be given to such existing library", and found that this library had not been brought under the terms of the act as one supported wholly or in part by the municipality. In this case there was no application of cy pres principles.

In a discussion of the award of the Wagner bequest emphasis again should be laid on the fact that his bequest was to a library. In this connection it is to be remembered that the Smith deed was to certain trustees and their successors in office as trustees, and that the operation of the Smith library has been under the control of a board of directors of an unincorporated association. It is not clear whether this testator intended that his legacy should go to the trustees under the deed, or to the board of directors, and here a practical difficulty arises. It is a matter of record in the court of common pleas of this county that, in a certain proceeding in which the present judge of this court was specially presiding, the real estate formerly held by the trustees under the Smith deed has been sold and conveyed. The library building itself is, therefore, now out of the control of those trustees. The books in that building, and the equipment thereof, are now under the control of the Lancaster Free Public Library. It would be impossible for this court to award a sum of money to such an impersonal institution as a library. The award, in the absence of a corporation, would have to be made to a trustee or trustees, a board of directors or officers, to some personality or legal entity. This involves the practicable application of cy pres principles. In this case it is unnecessary to make the award to trustees for the reason that there exists a corporation, a legal entity, which will effectuate this testator's intentions as this court has interpreted them to be.

The decision of this court in awarding the Wagner bequest to the Lancaster Free Public Library follows the decision of the Supreme Court in Lockwood's Estate, 344 Pa. 293. In that case a bequest to "Spiritualistic College to Educate Mediums at Lillydale, New York", was awarded to Lilly Dale Assembly, a New York corporation, and it was held that where a corporation is given an erroneous name in a will such a mistake will not avoid the gift if it is possible by means of the name used, or by admissible extrinsic evidence, to identify

the corporation intended as beneficiary with sufficient certainty. See Shand's Estate, hereinbefore referred to.

This court finds that there is in this community a free, public, nonsectarian library which is open to the use of the residents thereof, as we have heretofore described, now operating, consisting of constituent parts under the management, organization, and control of the corporation known as the Lancaster Free Public Library; that no new library may be established under the provisions of the Act of 1917 and its supplements in the municipality of Lancaster City and County; that all public aid under the provisions of the said act of assembly authorized shall be given to the existing library; that the Wagner bequest was given to an improper and incorrectly described organization; that under the facts and circumstances hereinbefore related and the application of the cy pres doctrine the Wagner bequest was awarded to the Lancaster Free Public Library; that public aid and appropriations under the provisions of the said act heretofore made to the A. Herr Smith Memorial Library are now currently being made to the Lancaster Free Public Library; that by representation of municipal officials in the management of and in appropriations to the Lancaster Free Public Library that corporation is recognized generally as the free, public, nonsectarian library in Lancaster, a fact which is admitted in paragraph 4 of the stipulation before the court; and that, therefore, the award of the Wagner legacy to the Lancaster Free Public Library under the provisions of the act of the assembly hereinbefore referred to is not liable for transfer inheritance tax to the Commonwealth of Pennsylvania.

The exceptions filed to the adjudication are dismissed, and the same is confirmed absolutely.

---

NOTE.—An appeal from the foregoing decision was taken to the Supreme Court of Pennsylvania, but was subsequently discontinued upon settlement of the case.