## Brewster Estate

*Rea & Audino* and *Dominick Motto,* for accountant.

*J. Ross Green,* for exceptants.

*Ivan Hudson,* guardian ad litem.

SALMON, *S.J., Specially Presiding,* March 27, 1978 — This case is before us upon a trustee's partial account and proposed schedule of distribution and exceptions thereto.

Myrtle H. Brewster died May 15, 1973, domiciled in the Township of North Beaver, Lawrence County. Her last will and testament dated August 18, 1971, is duly probated and registered in the Office of the Register of Wills of Lawrence County.

Therein she left the residue of her estate in trust for the benefit of her daughter, Jean Shumaker, during her lifetime. She directed in paragraph seven that upon the death of Jean the remainder be divided *"into five equal parts for the benefit of my two grandchildren and my three great grandchildren* as follows:" (Emphasis supplied) 1. One-fifth for Ruth Jane Johnson; 2. One-fifth for Kathleen Gail Szewczyk; 3. One-fifth for Grace Elizabeth Johnson; 4. One-fifth for Lawrence Gregory Szewczyk; 5. One-fifth for Gregory Paul Szewczyk.

At the time of writing her will, at the time of her death, nor at any other time here involved did testatrix have a grandchild or great grandchild named Lawrence Gregory Szewczyk. Testatrix has correctly named all of her other grandchildren and great grandchildren. Her granddaughter Kathleen Gail Szewczyk is married to Lawrence Charles Szewczyk and they are the parents of Charles Gregory Szewczyk who is the only great grandchild omitted from the list of names supplied in the will. The trustee proposes to distribute an undivided one-fifth interest to Charles Gregory Szewczyk, said omitted great grandchild, under the provision of paragraph seven (4.) of the will.

A latent ambiguity having been thus revealed, the First Seneca Bank as trustee filed its petition praying for the appointment of a guardian ad litem for the minor beneficiaries named and a trustee ad litem for unborn or unascertained persons interested in this estate. The court on July 29, 1977, appointed Ivan Hudson, Esq. as such guardian and Ross Green, Esq. as such trustee ad litem. The trustee ad litem, Ross Green, Esq., then filed the exceptions which are before us.

The exceptions contend that Lawrence Charles

Szewczyk is inadvertently named Lawrence Gregory Szewczyk and is entitled under said paragraph seven (4.) to an undivided one-fifth interest for life and that if it is not distributed to him or for his benefit that his children and possibly children unborn will be deprived of their rightful inheritance under paragraph seven (10.).

The issue is thus presented whether Lawrence Charles is the intended beneficiary or whether his son, Charles Gregory, great grandson of testatrix, is the intended beneficiary.

As already indicated, the testatrix in paragraph seven described her secondary beneficiaries as "my two grandchildren and my three great grandchildren" and then proceeded to name them individually. The only name listed which is neither grandchild nor great grandchild is Lawrence Gregory Szewczyk. There is no such person in the family. Lawrence Charles, being neither grandchild nor great grandchild, does not fit the description. His son, Charles Gregory Szewczyk, fits the description, but is not correctly named.

The scrivener of the will, Errol Fullerton, Esq., who ordinarily might be expected to assist with testimony, is deceased. The parties by their counsel have filed a written stipulation and agreed to certain facts orally and no party has offered other evidence or testimony.

It seems well settled in our Pennsylvania cases that where an ambiguity is apparent from the face of the will, or where the language of the will makes no sense, parol evidence is not admissible. Otherwise we would be permitting a will to be established by parol which is contrary to statute: Estate of Jacobson, 460 Pa. 118, 123, 331 A. 2d 447 (1975); 6 Hunter O.C. §11(b), p. 321 (2d ed. 1974).

On the other hand, it appears equally well settled that where the will is sound on its face and a latent ambiguity is discovered, testimony may be received to resolve it: Beisgen Estate, 387 Pa. 425, 128 A. 2d 52 (1956); Logan v. Wiley, 357 Pa. 547, 55 A. 2d 366 (1947); Gerety Estate, 354 Pa. 14, 46 A. 2d 250 (1946); Thomas Estate, 457 Pa. 546, 551, 327 A. 2d 31 (1974).

The guiding principle or "polestar" for the court must be to determine the intent of the testatrix as expressed by the will. Such intent must be found within the four corners of the will in the light of the circumstances when the will was written: Estate of Jacobson, 460 Pa. 118, 122 (1975).

After making the provisions above referred to for her daughter Jean Shumaker and for her grandchildren and great grandchildren during their lives, the testatrix provides for ultimate distribution to the issue of those beneficiaries with cross gifts of the interests of those who may leave no issue to those who do leave issue. There is thus a clear testamentary plan to benefit only the issue of the testatrix. There is an ultimate gift of any "rest, residue and remainder of my estate" (paragraph eight) to Westfield Presbyterian Church but there will obviously be no such "residue" unless the line of testatrix's descendants should end with her great grandchildren: paragraph seven, subparagraphs seven, eight, nine, ten and eleven of the will. There is thus a clear testamentary design on the part of testatrix to benefit only those in her direct line of descent. This is indicated by the life estate to her daughter, her naming her grandchildren and great grandchildren as succeeding beneficiaries and providing for ultimate distribution to their offspring. The insertion of the name of her grand-

daughter's husband among her descendants stands out as an error like the proverbial sore thumb. The error is understandable in light of the similarity of the names Lawrence Charles Szewczyk, Lawrence Gregory Szewczyk and Charles Gregory Szewczyk. It is quite likely that the scrivener had notes of the names of the parents and children and that the error occurred in the scrivener's office rather than in the mind of the testatrix. In any case, the name of Lawrence Gregory Szewczyk is out of place among the descendants. In view of the correct number of children and grandchildren being stated, it would seem that testatrix meant to include Charles Gregory Szewczyk. Certainly there is no language in the will or in the stipulation of the parties that she had any intent to exclude him.

We believe this conclusion is further supported by the rule that the law favors a construction which will work equality of distribution among those standing in the same relation to the testatrix: Estate of Clarke, 460 Pa. 41, 51, 331 A. 2d 408 (1975). As in Estate of Clarke no discriminatory intent is here manifest. . . .

## CONCLUSIONS OF LAW

1. Testatrix intended to name all of her grandchildren and great grandchildren as beneficiaries of her residual estate.

2. The name Lawrence Gregory Szewczyk wherever it appears in the will of testatrix is an inadvertence and was intended to designate her great grandson Charles Gregory Szewczyk who is the son of her granddaughter Kathleen Gail Szewczyk.

3. All share and interest in said estate which

ought to be awarded to Lawrence Gregory Szewczyk if such person existed within the group designated shall be awarded, distributed and paid to Charles Gregory Szewczyk, great grandson of testatrix, in the same manner and with the same effect as if his name appeared in said will, he being the person intended by testatrix to be the beneficiary of said share and interest.

4. To sustain position of exceptant would result in unequal and disproportionate treatment of persons in same degree of relationship to testatrix.

Exceptant cites Young Estate, 181 Pa. Superior Ct. 468, 124 A. 2d 453 (1956). There the will made a gift to "the surviving children of my son Milton L. Young." Testatrix had no son named "Milton L. Young." She had a son Martin L. Young and a son Milton H. Newcomer. The Superior Court, in an opinion by Wright, *J.*, decided the issue by quoting from the opinion of President Judge Bowman, then of the Orphans' Court of Lancaster County, as follows:

" '. . . In the will we are now considering Milton L. Young is designated by description. He is described as *my son* Milton. Testatrix had only one son answering to the name of Milton. Why should we suppose that when testatrix said "the children of my son, Milton," she may have meant the children of her son Martin? She was approximately seventy-six years of age when she executed her will on July 23, 1946. Four of her then living sons, as stated previously, had the family name Young and each used the middle initial "L." It is understandable, therefore, why Milton should have been referred to as Milton L. Young, notwithstanding the fact that in paragraph FIFTH of the will he is correctly named. Having thus correctly described him in that paragraph, we are of the opinion that when

she later refers to the children of her son, Milton L. Young, she meant and intended the children of her son, Milton H. Newcomer. The general plan of the distribution of her estate as revealed by the will supports this conclusion'." 181 Pa. Superior Ct. 475.

It will be observed that there the court read Milton L. Young to mean Milton H. Newcomer rather than to mean Martin L. Young as was the opposing contention. Exceptant contends this favors the importance of the first name in referring to members of the family. We do not so read the opinion. We observe that the principle followed by the Young Court is that "The general plan of the distribution of her estate as revealed by the will support this conclusion."

The Young case thus supports our own conclusion in the instant case rather than the contention of exceptant.

## ORDER

And now, March 27, 1978, for reasons set forth in the foregoing opinion, the exceptions of Stephen Ross Green, Esq., trustee ad litem for unborn or unascertained persons interested in the estate, are dismissed, and First Seneca Bank and Trust Company successor to Lawrence Savings & Trust Company is authorized and directed to substitute the name of Charles Gregroy Szewczyk for the name of Lawrence Gregory Szewczyk wherever it appears in the last will and testament of Myrtle H. Brewster, and to make distribution in accordance with its proposed schedule of distribution and as ordered by decree of distribution duly entered or to be entered, with the same effect as if Charles Gregory Szewczyk had been originally so named in the will of testatrix.