## Seiberlich Estate

*William Buchanan Gold, Jr.*, and *Paul J. Donnelly*, for accountants.

*Stewart J. Greenleaf*, for William C. Seiberlich and his children.

*Michael A. Paul*, for Mary Sullivan.

*Marvin I. Block*, for Commonwealth.

ADJUDICATION BY SILVERSTEIN, J., MARCH 1, 1979:

Elizabeth C. Seiberlich died January 31, 1977, leaving a will dated July 4, 1969 and codicils thereto dated August 17, 1970, June 13, 1973, May 22, 1974 and November 5, 1974, all of which documents were duly probated. Letters testamentary were granted to The Fidelity Bank and Charles W. Gaiser, Jr. (Conrad D. Barto another nominee under the will renounced) on February 7, 1977, and proof of advertisement thereof is annexed.

Decedent was not survived by a spouse or issue. ***

At the audit of the account, the court was asked to make a determination with respect to the proper distribution of part

of the decedent's estate. The part in question is the one-third share of principal which is contained in paragraph Fourth (c) (3) of the codicil dated June 13, 1973, which reads in part:

> ". . . and upon the death of the survivor of William C. Seiberlich, Sr. and me, my trustees shall divide all then remaining principal of this trust into as many equal shares as there are William C. Seiberlich, III, Joan Seiberlich, Alice Seiberlich, Ellen Seiberlich, Elizabeth Seiberlich and Ann Seiberlich, *and any additional grandchildren of my nephew, William C. Seiberlich, Sr.*, then living, and then deceased who have left then living issue, each such *grandchild* of William C. Seiberlich, Sr. . . . to represent one of such shares . . ." (underscoring supplied)

The specifically named individuals in the above clause were grandchildren of William C. Seiberlich, Sr., hereinafter referred to as Senior. (Senior was testatrix's nephew and the children named are the children of Senior's son, William C. Seiberlich, Jr.) In addition to these, there were five others who were children of Senior's daughter, Mary (now Sullivan), and two other grandchildren born of the second marriage of William C. Seiberlich, Jr., hereinafter referred to as Junior. The latter two contend that under the underscored terms set forth above, they are additional grandchildren but that the Sullivan grandchildren were not intended to be included for the reason that all of the latter were in existence at the time of the execution of the third codicil.

The accountants take the position that the phrase "any additional grandchildren of my nephew, William C. Seiberlich, Sr." is so explicit as to preclude any testimony in contradiction thereof. Accordingly, they request that the fund be distributed to all of the grandchildren whether named or not. The Sullivan children support this view. We agree. The afterborn grandchildren contend that there is an ambiguity in the dispositive provisions which requires extrinsic evidence to explain. The auditing judge believes that any ambiguity conjured up arises only because the proponents of such a concept wish to make it so.

The court allowed the testimony of several witnesses over the objection of the accountants, whose position is that inasmuch as the will is clear on its face, extrinsic evidence is unnecessary, incompetent and inadmissible. As a general propo-

sition we must agree with that contention, however, in order for us to make a proper determination, it is necessary for us to place ourselves in the position of the testatrix and view the execution of the will and codicils in the light of the circumstances surrounding her: *Gerety Est.*, 354 Pa. 14; *Benson Est.*, 447 Pa. 62. In doing so, we find that the testimony does no harm to the position of the accountants and the Sullivan children.

Among the witnesses testifying were two bank officials and the scrivener of the will. From their testimony the following facts may be gleaned: The testatrix had a great deal of confidence in one of the bank officials and when she was contemplating her will and the codicils, she went to him and gave him instructions as to how the instruments were to be prepared. At the time of the preparation of the codicil in question, the testatrix went to this bank officer and gave him instructions as to what she wanted therein. He in turn gave the instructions to the second bank official who conveyed them to the attorney. When the codicil was prepared, the bank officer and the attorney visited the testatrix at her home where the codicil was read and explained to her. Apparently, neither the lawyer nor the bank officers had any knowledge of the Sullivan children and nothing was said by the testatrix for or against their inclusion as beneficiaries.

The testimony of others indicated that at some earlier date Mary Sullivan had become estranged from her parents because of her marriage to a man not approved by them. About three years before the codicil was executed, the testatrix effected a reconciliation of the parties. There was testimony that the testatrix was annoyed, at one time, by the Sullivan children and requested that they not be brought to visit her. Other testimony indicated that this annoyance with respect to children applied to all children and not necessarily with the Sullivan children alone.

Clearly, there was nothing in the testimony which would lead the auditing judge to conclude that the testatrix's failure to name the Sullivan children was a deliberate act on her part.

The difficulty in finding that the word "additional" should be construed so as to limit the bequests to the afterborn grand-

children would require that we limit the bequests to the children of William Seiberlich, Jr., whereas the testatrix used the term in connection with the name of William Seiberlich, Sr. Furthermore, if we were to accept the construction, we would be forced to disinherit one of the children contending for a share, namely Dolores Seiberlich. She was born in December 1971, almost two years before the codicil was written; not having been named she would be in exactly the same position as the Sullivan children.

> "When the court charged with construction of a will cannot feel confidence in distributing the estate by reference to that document alone, then it is proper and necessary to refer to sources beyond the instrument itself." *Soles Est.*, 451 Pa. 568.

We have no difficulty in finding that the language of the will alone is sufficient and that the testatrix intended all of the grandchildren of William C. Seiberlich, Sr., whether named or not, to share in her estate. ***